**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELVIS RUSNAK, et al., ) | ) |
| Plaintiffs, ) | **JOINT STIPULATION** |
| v. ) | |
| THE UNITED STATES OF AMERICA, et al., ) | Civil Action No. 25-CV-292-LLA |
| Defendants. ) | |

## JOINT STIPULATION

On January 31, 2025, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief. ECF No. 1. According to the allegations of the Complaint, Plaintiffs are veterans who were injured in the 1996 Khobar Towers bombing while serving overseas as active-duty members of the United States Air Force and who have claims that the Special Master of the United States Victims of State Sponsored Terrorism Fund ("VSST Fund") has determined are eligible for compensation from the Fund.

Plaintiffs have alleged as follows: On December 29, 2022, Congress enacted the Fairness for 9/11 Families Act ("Fairness Act"), Pub. L. No. 117-328, div. MM, § 101(b), 136 Stat. 6106, 6106-10 (2022), in which it appropriated $3 billion for lump sum catch-up payments ("the Lump Sum Catch-Up Payment Reserve Fund") to be authorized for payment to "each 1983 Beirut barracks bombing victim" and "each 1996 Khobar Towers bombing victim." The Government Accountability Office ("GAO"), as required by the Fairness Act, conducted an audit and published a report in November 2024 determining the amount of proposed lump sum catch-up payment for each 1996 Khobar Towers bombing victim. *See* Government Accountability Office, U.S. Victims of State Sponsored Terrorism Fund, 1983 Beirut Barracks and 1996 Khobar Towers Bombing

Claimants Due $614 Million, (Nov. 1, 2024) ("GAO Report"). Plaintiffs allege that, under GAO's interpretation of the Fairness Act, claimants who previously applied and were found eligible to participate in the Fund could still receive catch-up payments but must have submitted applications during the period from December 29, 2022, through June 27, 2023. Plaintiffs further allege that the Special Master took the view that these existing claimants could not submit a duplicate application in order to apply for catch-up payments because each claimant may only submit one application under the Fund's procedures. Under GAO's interpretation of the Fairness Act, 274 claimants, including the two Plaintiffs, will not receive catch-up payments because they did not submit a duplicate application for compensation from the Fund after the passage of the Fairness Act. *Id*.

Plaintiffs contend that GAO misinterpreted the Fairness Act in concluding that claimants like Plaintiffs, whose claims were determined to be eligible before the Fairness Act was passed into law, were required to submit duplicative applications in order to receive lump sum catch-up payments. Plaintiffs seek, among other things, an order requiring Defendants to authorize lump sum catch-up payments to the Plaintiffs in the amounts computed by GAO and set forth in its November 2024 report. Plaintiffs allege, on information and belief, that amount totals approximately $2 million.

On January 31, 2025, the Special Master of the Fund announced that she had begun authorizing lump sum catch-up payments in accordance with the GAO Report. *See* Special Master's Announcement Regarding Authorization of Lump Sum Catch-Up Payments for Certain Victims of the 1983 Beirut Barracks Bombing and 1996 Khobar Towers Bombing, (Jan. 31, 2025), https://www.usvsst.com/Home/Announcements?id=20250131. Not later than 1 year after the Special Master disperses all lump sum catch-up payments pursuant to the GAO report, all amounts

remaining in the Lump Sum Catch-Up Payment Reserve Fund in excess of the amounts described in the GAO report shall be deposited into the VSST Fund. 34 U.S.C. § 20144(d)(4)(D)(iv)(IV).

On January 31, 2025, the same day Plaintiffs filed the Complaint, Plaintiffs' counsel indicated to undersigned DOJ counsel that they may file a motion for a preliminary injunction to preserve the availability of funds sufficient to provide lump sum catch-up payments to Plaintiffs in the amounts computed by the GAO in its November 2024 report. The parties met and conferred and have reached an agreement to avoid the need for Plaintiffs to file a motion for preliminary injunctive relief through at least February 1, 2026.

Specifically, in order to permit motion practice without risk of the funds becoming unavailable for payment to Plaintiffs, and to obviate any immediate need for a motion for preliminary injunction, Defendants will ensure that amounts sufficient to meet the payment amounts which Plaintiffs seek through this lawsuit will remain available until at least February 1, 2026. Defendants further commit to give Plaintiffs at least 21-days' advance notice before taking any action that would leave less than the amount which Plaintiffs seek in this lawsuit remaining available, in order to give Plaintiffs sufficient time to move the Court for appropriate injunctive relief if necessary.

Dated: February 25, 2025                    Respectfully Submitted,
                                            WILLIAMS & CONNOLLY LLP


                                            /s/ F. Greg Bowman
                                            F. Greg Bowman (D.C. Bar No. 486097)
                                            Edward C. Reddington (D.C. Bar No. 463507)
                                            680 Maine Avenue, SW
                                            Washington, DC 20024
                                            (202) 434-5000

                                            *Attorneys for Plaintiffs*


                                            ERIC HAMILTON
                                            Deputy Assistant Attorney General
                                            Federal Programs Branch

                                            ANDREW I. WARDEN
                                            Assistant Branch Director

                                            */s/ Anna L. Deffebach*
                                            ANNA L. DEFFEBACH (DC Bar # 241346)
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, NW
                                            Washington, DC 20005
                                            Tel: (202) 305-8356
                                            Facsimile: (202) 616-8460
                                            Email: anna.l.deffebach@usdoj.gov

                                            *Counsel for Defendants*

4