#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELVIS RUSNAK, et al., </br></br> Plaintiffs, </br> v. </br></br> THE UNITED STATES OF AMERICA, et al., </br></br> Defendants. | **JOINT STIPULATION** </br></br> Civil Action No. 25-CV-292-LLA |

### CONSENT MOTION FOR EXTENSION AND STIPULATION

On January 31, 2025, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief. ECF No. 1. Defendants' deadline to respond to the Complaint is April 14, 2025. Defendants respectfully seek a 30-day extension of this deadline, up to and until May 14, 2025. The parties have conferred pursuant to Local Rule 7(m) and Plaintiffs have indicated they consent to this extension.

Good cause exists for the requested extension of the deadline to respond to the Complaint. Undersigned counsel for Defendants expects to go on extended leave beginning on or before April 7, 2025, and new counsel will be assigned to this matter. To allow newly assigned counsel to familiarize themselves with the claims and issues in this lawsuit, and prepare an adequate response to the Complaint, Defendants accordingly request a 30-day extension, up and until May 14, 2025, to respond to the Complaint. Additionally, as explained below, Defendants agree to modify the previously-agreed-to joint stipulation, ECF No. 12, to ensure that funds to which Plaintiffs allege they are entitled would be available for an extended time period should a decision be reached that they are entitled to such payments. The requested extension will not prejudice Plaintiffs or impede other scheduling deadlines in this matter.

According to the allegations of the Complaint, Plaintiffs are veterans who were injured in the 1996 Khobar Towers bombing while serving overseas as active-duty members of the United States Air Force and who have claims that the Special Master of the United States Victims of State Sponsored Terrorism Fund ("VSST Fund") has determined are eligible for compensation from the Fund. Plaintiffs have alleged as follows: On December 29, 2022, Congress enacted the Fairness for 9/11 Families Act ("Fairness Act"), Pub. L. No. 117-328, div. MM, § 101(b), 136 Stat. 6106, 6106-10 (2022), in which it appropriated $3 billion for lump sum catch-up payments ("the Lump Sum Catch-Up Payment Reserve Fund") to be authorized for payment to "each 1983 Beirut barracks bombing victim" and "each 1996 Khobar Towers bombing victim." The Government Accountability Office ("GAO"), as required by the Fairness Act, conducted an audit and published a report in November 2024 determining the amount of proposed lump sum catch-up payments for each 1996 Khobar Towers bombing victim. *See* Government Accountability Office, U.S. Victims of State Sponsored Terrorism Fund, 1983 Beirut Barracks and 1996 Khobar Towers Bombing Claimants Due $614 Million, (Nov. 1, 2024) ("GAO Report").

Plaintiffs allege that, under GAO's interpretation of the Fairness Act, 274 claimants, including the two Plaintiffs, will not receive catch-up payments because GAO determined that they were required to, but did not, submit a duplicate application for compensation from the Fund after the passage of the Fairness Act. *Id*. Plaintiffs seek, among other things, an order requiring Defendants to authorize lump sum catch-up payments to the Plaintiffs in the amounts computed by GAO and set forth in its November 2024 report. Plaintiffs allege, on information and belief, that amount totals approximately $2 million.

On January 31, 2025, the Special Master of the Fund announced that she had begun

authorizing lump sum catch-up payments in accordance with the GAO Report.[1]

On February 25, 2025, Defendants agreed to (1) "ensure that amounts sufficient to meet the payment amounts which Plaintiffs seek through this lawsuit will remain available until at least February 1, 2026" and (2) "give Plaintiffs at least 21-days' advance notice before taking any action that would leave less than the amount which Plaintiffs seek in this lawsuit remaining available, in order to give Plaintiffs sufficient time to move the Court for appropriate injunctive relief if necessary." ECF No. 12. As of the date of this filing, sufficient funds to meet the payment amounts which Plaintiffs seek though this lawsuit remain available.

On February 28, 2025, the Special Master of the Fund began issuing lump sum catch-up payments on a rolling basis.[2] On March 25, 2025, the Special Master announced that she has taken the necessary steps to terminate the Lump Sum Catch-Up Payment Reserve Fund. The Special Maser also announced that she will authorize a sixth-round distribution of payments of at least $2 billion.[3]

In order to permit litigation of this matter without the risk of the funds becoming unavailable for payment to Plaintiffs, and to obviate any need for emergency motions practice, Defendants will ensure that amounts sufficient to meet the payment amounts which Plaintiffs seek through this lawsuit will be held in reserve for the duration of the litigation before this Court,

---

[1] *See* Special Master's Announcement Regarding Authorization of Lump Sum Catch-Up Payments for Certain Victims of the 1983 Beirut Barracks Bombing and 1996 Khobar Towers Bombing, (Jan. 31, 2025), https://www.usvsst.com/Home/Announcements?id=20250131.

[2] *See* Special Master's Announcement Regarding Start of Rolling Lump Sum Catch-Up Payments for Certain Victims of the 1983 Beirut Barracks Bombing and 1996 Khobar Towers Bombing (Feb. 28, 2025), https://www.usvsst.com/Home/Announcements?id=20250228.

[3] *See* Special Master Announces that at Least $2 Billion Will Be Available for the Sixth Distribution of Victim Payments from the USVSST Fund (Mar. 25, 2025), https://www.usvsst.com/Home/Announcements?id=20250325.

except that this representation shall not preclude the Fund from issuing payments to Plaintiffs prior to the conclusion of this litigation. Defendants hereby stipulate that the fact that the Special Master has taken the necessary steps to terminate the Lump Sum Catch-Up Payment Reserve Fund does not moot Plaintiffs' claims for declaratory and injunctive relief. Defendants further commit to give Plaintiffs at least 21-days' advance notice before taking any action that would leave less than the amount which Plaintiffs seek in this lawsuit remaining available for payment to Plaintiffs, in order to give Plaintiffs sufficient time to move the Court for appropriate injunctive relief if necessary.

Dated: April 1, 2025

        YAAKOV M. ROTH
        Acting Assistant Attorney General
        Civil Division

        ANDREW I. WARDEN
        Assistant Branch Director

        */s/ Anna L. Deffebach*
        ANNA L. DEFFEBACH (DC Bar # 241346)
        Trial Attorney
        United States Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street, NW
        Washington, DC 20005
        Tel: (202) 305-8356
        Facsimile: (202) 616-8460
        Email: anna.l.deffebach@usdoj.gov

        *Counsel for Defendants*