IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSNAK, *et al.*,<br><br>     *Plaintiffs*,<br>v.<br><br>THE UNITED STATES OF AMERICA, *et al.*,<br><br>     *Defendants*. | Case No. 25-cv-292-LLA |
| CHRISTIE, *et al.*,<br><br>     Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA, *et al.*,<br><br>     *Defendants*. | Case No. 25-cv-932-LLA |

**DEFENDANTS' MOTION TO CONSOLIDATE BRIEFING SCHEDULE**

Defendants hereby move to consolidate the briefing schedule in the two above-captioned and related cases—*Rusnak, et al. v. United States, et al.*, 25-cv-292-LLA (D.D.C.) and *Christie, et al. v. United States, et al.*, 25-cv-932-LLA (D.D.C.)—currently before the Court, such that Defendants' omnibus opening brief shall be filed on or before June 16, 2025, Plaintiffs' opposition(s) shall be filed on or before July 21, 2025, and Defendants' omnibus reply shall be filed on or before August 11, 2025.  Defendants respectfully submit that their proposed briefing schedule, which extends Defendants' operative response deadlines by approximately 30 and 7 days in *Rusnak* and *Christie*, respectively, advances the interest of judicial and party economy. (Defendants' responses to the *Rusnak* and *Christie* Complaints are due May 14, 2025, and June 9,

2025, respectively.)  As of this filing, and in accordance with Local Civil Rule 7(m), the *Christie* Plaintiffs consent to Defendants' proposed schedule, while the *Rusnak* Plaintiffs oppose such relief.

The *Rusnak* and *Christie* cases revolve around nearly identical facts and claims.  Both sets of Plaintiffs have brought suit against the same Defendants—the United States; the Comptroller General, in his official capacity; the Special Master, in her official capacity; and the United States Department of Justice ("DOJ" or the "Department")—alleging that the Government Accountability Office ("GAO") erred in requiring claimants to file a separate application to the U.S. Victims of State Sponsored Terrorism Fund (the "Fund") to qualify for catch-up payments under the Fairness for 9/11 Families Act ("Fairness Act").  *Compare Rusnak* Compl. ¶ 10 ("GAO took the position that duplicative applications . . . are required  for claimants who submitted timely applications before the Fairness Act was enacted"), *with Christie* Compl. ¶ 29 ("GAO believed [that claimants] were expected to have submitted a second, duplicative application to the Fund . . . to qualify for a [c]atch-[u]p [p]ayment").  Likewise, both Complaints allege, in the alternative, that "if the Court were to find that the Fairness Act" required "submission of additional applications by Plaintiff[s]," "then it was unlawful and an abuse of discretion for the Special Master to have failed to change Fund procedures to permit [Plaintiffs] to submit successive applications."  *Rusnak* Compl. ¶ 48.  *See also Christie* Compl. ¶ 52 (same).  Indeed, both sets of Complaints bring the same counts—using the exact same language, no less—making clear that these formally related cases raise nearly identical legal issues, stemming from a common set of facts.  *See* Local Civ. R. 40.5(a)(3) ("Civil . . . cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity

or infringement of the same patent.").

In light of these parallel and related Complaints, Defendants respectfully submit that consolidated briefing makes logical sense and would serve judicial economy. Such a proposal would relieve the need for the Court to decide the same issues twice. *See Campuzano v. United States*, No. 24-cv-1652 (LLA), 2024 WL 5331861, at *1 (D.D.C. Oct. 31, 2024) ("The court concludes that the *Campuzano* and *Coe* cases are related under Local Civil Rule 40.5(a)(3) and that they should be consolidated for the purposes of summary judgment briefing under Federal Rule of Civil Procedure 42(a)(1)."). And it would relieve Defendants of their obligation to file successive briefing on differing timelines (May 14 and June 9, 2025)—particularly when undersigned recently joined these cases in light of extended leave of preexisting counsel, *see Rusnak* Consent Mot. at 1, ECF No. 13, and when the Department, more broadly, is facing emergency litigation across the country, despite widespread staffing shortages.

By contrast, the *Rusnak* Plaintiffs cannot credibly argue that they will be prejudiced by Defendants' consolidated and streamlined briefing schedule, as Defendants stipulated—in both cases—that "Defendants will ensure that amounts sufficient to meet the payment amounts which Plaintiffs seek through this lawsuit will be held in reserve for the duration of the litigation before this Court." *Rusnak* Jt. Stipulation at 3, ECF No. 15; *Christie* Jt. Stipulation at 3, ECF No. 12. In other words, as all parties stipulated, there is no "need for emergency motions practice," precisely because the disputed funds have been held in abeyance. *Id. See also* Dep't of Justice, *U.S. Victims of State Sponsored Terrorism Fund*, https://perma.cc/26DH-3EHU (stating that over $116 million in funds have been held based on the amount calculated for 274 claimants who were deemed ineligible to receive certain catch-up payments).

Accordingly, in light of the overlapping factual and legal issues and responsive pleading

3

deadlines, and the lack of prejudice to Plaintiffs, Defendants respectfully request that the Court grant their motion to consolidate the briefing schedule in these formally related cases.

Dated: May 6, 2025

Respectfully submitted,

YAAKOV M. ROTH

Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Sarah M. Suwanda*
SARAH M. SUWANDA
KERI L. BERMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-3196
Email: sarah.m.suwanda@usdoj.gov

*Counsel for Defendants*