IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVLIS RUSNAK, *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> THE UNITED STATES OF AMERICA, *et al.*, <br><br> *Defendants*. | Case No. 25-cv-292-LLA |

## MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(n)

Defendants hereby respectfully request to waive the requirement under Local Civil Rule 7(n), to the extent it applies here, to file a certified list of the contents of an administrative record simultaneously with the filing of Defendants' Rule 12(b) motion to dismiss.  The grounds for this motion are as follows:

1. Local Civil Rule 7(n) states:

   In cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

2. On its face, Local Civil Rule 7(n) appears to impose this requirement on any dispositive motion, even one to dismiss under Federal Rule of Civil Procedure 12(b) that does not rely on an administrative record.  Defendants have concurrently filed such a motion to dismiss the Complaint in this case.

3. However, Local Civil Rule 7(n) also indicates that it is meant to aid in the decision of a dispositive motion that relies on an administrative record.  *See* LCvR 7(n)(1) (requiring "an appendix containing copies of those portions of the administrative record

1

that are cited or otherwise *relied upon* in any memorandum in support of or in opposition to any dispositive motion" (emphasis added)).  The comment to the Local Civil Rule further notes that "[t]his rule is intended to assist the Court in cases involving a voluminous record."  Cmt. to LCvR 7(n).  Defendants' motion to dismiss does not cite to or otherwise rely on the administrative record, and thus the justification behind Local Civil Rule 7(n) does not apply at this juncture.

4. In any event, the Court should waive any applicable requirement in Local Civil Rule 7(n) under the circumstances here.  The D.C. Circuit has long recognized that a court can resolve claims at the motion to dismiss stage without the administrative record where the record is not germane to the issues presented in the motion.  *See Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266–67 (D.C. Cir. 2001) (rejecting argument that the district court erred in refusing to compel production of the administrative record before deciding motion to dismiss).  In turn, "the general practice in this Court" is to waive Local Civil Rule 7(n) when "the administrative record is not necessary for [the court's] decision."  *Arab v. Blinken*, 600 F. Supp. 3d 59, 65 n.2 (D.D.C. 2002); *see also, e.g.*, *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (waiving Local Rule 7(n) in case challenging agency action when dispositive motion at issue raised only threshold jurisdiction and failure-to-state-a-claim arguments); *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (similar, "because the Court need not consider the administrative record in evaluating the motions before it"); *Patterson v. Haaland*, 2022 WL 4534685, at *1 & n.2 (D.D.C. Sept. 28, 2022) (similar, "because consideration of the motion to dismiss does not require review of the administrative record"); *E. Atl.*

2

*Servs. & Trading LLC v. Mayorkas*, 2024 WL 4332554, at *6 (D.D.C. Sept. 27, 2024) (waiving Local Civil Rule 7(n) "because I do not rely on the administrative record to decide the motions at issue").

5. Because Defendants' motion to dismiss does not cite to or rely on the administrative record, and the record is unnecessary to resolving the threshold issues presented in the motion (jurisdiction under Rule 12(b)(1) and plausibility of the asserted claims under Rule 12(b)(6)), Defendants respectfully request that the Court waive the requirement in Local Civil Rule 7(n) to "file a certified list of the contents of the administrative record . . . simultaneously with the filing of" their Rule 12(b) motion.

A proposed order is enclosed for the Court's convenience.

Dated: May 14, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Sarah M. Suwanda*
SARAH M. SUWANDA
KERI L. BERMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-3196
Email: sarah.m.suwanda@usdoj.gov

*Counsel for Defendants*

3