IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVLIS RUSNAK, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, *et al.*, <br><br> *Defendants*. | Case No. 25-cv-292-LLA |

**RESPONSE TO RUSNAK PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The Rusnak Plaintiffs' notice of supplemental authority is largely improper, as it attempts to inject new arguments and re-hash old ones after briefing—despite the fact that those arguments do not relate to the decision identified by the Rusnak Plaintiffs in their notice, *America First Legal Foundation v. GAO*, 2026 WL 71886 (D.D.C. Jan. 9, 2026). Here, the Rusnak Plaintiffs resuscitate their arguments that sections 104 and 105 of Title 5 of the U.S. Code, taken together, define "Executive agency" to include "independent establishment[s]" such as the Government Accountability Office ("the GAO"). *See* Pls.' Notice of Supp. Authority ("Pls.' Notice") at 1, ECF No. 29. But as Defendants explained in their reply brief, Plaintiffs provide no persuasive reason as to why *those* definitions should control here. *See* Defs.' Reply in Supp. of Mot. to Dismiss ("Defs.' Reply") at 1, ECF No. 27. Nor could they. The Administrative Procedure Act ("APA") specifically defines "agency" for purposes of judicial review to exclude "the Congress," and courts within this Circuit have routinely extended that exemption to the GAO. *See id.* at 2 (collecting cases).

1

The recently cited *America First* decision only confirms that the "GAO is an independent agency within the legislative branch that exists in large part to serve the needs of Congress." 2026 WL 71886, at *1 (quoting *Bowsher v. Merck & Co.*, 460 U.S. 824, 844 (1983)). *See also id.* (recognizing that the GAO "assists the Comptroller General in investigat[ing] . . . all matters relating to the receipt, disbursement, and application of public funds" (citation omitted)). That Congress chose to make the GAO's recommendations binding in this particular context does not upend the relationship between Congress and the GAO such that it converts the GAO from a legislative to executive arm of the federal government. *See* 34 U.S.C. § 20144(d)(4)(D)(iv)(II) (Congress required the Special Master to "authorize lump sum catch-up payments from the reserve fund established under subclause (I) in amounts equal to the amounts described in subclauses (I) and (II) of clause (iii)"); *id.* § 20144(d)(4)(D)(iii)–(iv) (requiring the GAO to report proposed lump sum catch-up payments to Congress and mandating the Special Master to authorize payments of the proposed amounts no earlier than 90 days after the date on which the Comptroller General provides its proposed lump sum catch-up payments to Congress). *See also* Defs.' Reply at 4.

For these reasons, and the reasons set forth in Defendants' briefing, Defendants respectfully request that the Court grant the pending consolidated motion to dismiss.

Dated: March 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Sarah M. Suwanda*
SARAH M. SUWANDA
KERI L. BERMAN

Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-3196
Email: sarah.m.suwanda@usdoj.gov

*Counsel for Defendants*