**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ELVIS RUSNAK, et al., | ) |
|  | ) |
|  | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 25-CV-292-LLA |
|  | ) |
| THE UNITED STATES OF AMERICA, | ) |
| et al., | ) |
| Defendants. | ) |
|  | ) |
|  | ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 AND
<u>TO FILE AN AMENDED COMPLAINT UNDER RULE 15</u>**

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................2

LEGAL FRAMEWORK .........................................................................................................5

ARGUMENT.........................................................................................................................6

I.      The Court Should Alter Its Judgment Under Rule 59(e) to State that
        Counts I and II Were Dismissed Without Prejudice.......................................................6

II.     The Court Should Grant Plaintiffs Leave to Amend Under Rule 15(a)(2).................8

CONCLUSION.....................................................................................................................11

## TABLE OF AUTHORITIES

### CASES

*Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8 (D.C. Cir. 2008)....................8, 9

*Baltimore v. Pruitt*, 293 F. Supp. 3d 1 (D.D.C. 2017)................................................1, 7, 8

*\*Belizan v. Hershon*, 434 F.3d 579 (D.C. Cir. 2006) ....................................................5, 7

*\*Brink v. Cont'l Ins. Co.*, 787 F.3d 1120 (D.C. Cir. 2015).......................................1, 5, 7

*Chamber of Commerce of the United States v. Reich*, 74 F.3d 1322 (D.C. Cir. 1996) ..................6

*City of Dover v. U.S. EPA*, 40 F. Supp. 3d 1 (D.D.C. 2013) ..........................................2

*\*Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996)...........................................5, 6, 7

*\*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................2, 6, 9, 11

*Harrison v. Rubin*, 174 F.3d 249 (D.C. Cir. 1999) ..................................................6

*Havens v. Mabus*, 759 F.3d 91 (D.C. Cir. 2014) .....................................................7

*Johnson v. City of Shelby*, 574 U.S. 10 (2014) ...................................................8, 9

*\*Kasap v. Folger Nolan Felming & Doublas, Inc.*, 166 F.3d 1243 (D.C. Cir. 1999) .....................1

*Masroor v. Noem*, No. 25-cv-256, 2025 WL 2439176 (D.D.C. Aug. 25, 2025)............................9

*Nat'l Trust for Historic Preserv. v. Nat'l Park Serv.*, --- F. Supp. 3d ---, 2026 WL 877779
    (D.D.C. Mar. 31, 2026), *remanded for factual development and clarification*, 2026
    WL 980554 (D.C. Cir. Apr. 11, 2026)........................................................6

*New Vision Photography Program, Inc. v. District of Columbia*, 54 F. Supp. 3d 12
    (D.D.C. 2014) ...........................................................................6

*United States v. Hicks*, 283 F.3d 380 (2002) .........................................1, 9, 10

5 C. Wright & A. Miller, Federal Practice and Procedure § 1219.................................8

6 C. Wright & A. Miller, Federal Practice and Procedure § 1471.................................1

### RULES

Fed. R. Civ. P. 1.........................................................................11

Fed. R. Civ. P. 8.........................................................................8

\*Fed. R. Civ. P. 15 .................................................................................................1, 5,7, 8, 9

Fed. R. Civ. P. 58 ........................................................................................................5

\*Fed. R. Civ. P. 59 ............................................................................................... passim

**INTRODUCTION**

Plaintiffs move under Rule 59(e) and Rule 15(a) for leave to amend the Complaint and to alter the Court's conclusion that Plaintiffs failed to sufficiently plead an "*ultra vires*" claim. *See* Op. 23, ECF No. 31. This narrow motion—involving only one page of the 47-page Opinion— should be granted to provide "maximum opportunity" for Plaintiffs' claims "to be decided on the merits rather than on procedural technicalities." *United States v. Hicks*, 283 F.3d 380, 387 (2002) (quoting 6 Wright & Miller, Federal Practice and Procedure § 1471, at 505-06 (2d. ed 1990)).

The grounds for this motion are well-established. "A court *must* grant a Rule 59(e) motion" to alter or amend its judgment "'if dismissal of the complaint with prejudice was erroneous.'" *Baltimore v. Pruitt*, 293 F. Supp. 3d 1, 3 (D.D.C. 2017) (quoting *Brink v. Cont'l Ins. Co.*, 787 F.3d 1120, 1129 (D.C. Cir. 2015)) (emphasis added). Here, the Court "dismissed" this "case" without providing an opportunity for Plaintiffs to amend the Complaint. Order, ECF No. 32. To the extent this constituted a dismissal with prejudice, relief under Rule 59(e) is clearly warranted because Counts I and II were dismissed on jurisdictional grounds. *See Kasap v. Folger Nolan Felming & Doublas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999) (noting it was error for court to dismiss with prejudice for lack of subject matter jurisdiction). On the other hand, to the extent the Court intended to dismiss *without prejudice* the claims over which it found a lack of subject matter jurisdiction, it should make appropriate clarifications to the Opinion and Judgment, and grant Plaintiffs' leave to amend under Rule 15(a)(2).

Either way, Plaintiffs should be granted leave to amend. Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). There are no reasons to deny leave to amend, and Defendants would suffer no prejudice. In similar circumstances, the Supreme Court held that "it was error to deny a motion to vacate a judgment to amend a complaint when 'the amendment would have done no more than state an alternative theory for recovery.'"

1

*City of Dover v. U.S. EPA*, 40 F. Supp. 3d 1, 6 (D.D.C. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Moreover, because the proposed amended complaint cures the purported pleading deficiency, the Court should, upon deeming the amended complaint filed, alter its Opinion to remove the conclusion that Plaintiffs forfeited the argument that the Comptroller General's actions are reviewable as "*ultra vires.*"  Justice so requires because the Court's forfeiture holding is predicated on a purported pleading deficiency that is curable, and it otherwise could allow  the merits of Plaintiffs' *ultra vires* challenge to go unreviewed on appeal.  And if the D.C. Circuit were to affirm only on the basis of forfeiture, Plaintiffs would be required to initiate a new action to obtain an adjudication on the merits of a jurisdictional legal theory that has already been briefed and on which this Court has already ruled.  That would be inefficient, unjust, and wasteful of judicial resources.  Under these circumstances, Plaintiffs "ought to be afforded an opportunity to test [their] claim on the merits" and have that claim squarely teed up for appellate review by being granted leave to amend before proceeding on appeal.  *Foman*, 371 U.S. at 182.

## BACKGROUND

Plaintiffs are veterans who were injured in the 1996 Khobar Towers bombing while honorably serving overseas as active-duty members of the United States Air Force.  Plaintiffs timely applied for compensation from the U.S. Victims of State Sponsored Terrorism Fund ("USVSST Fund" or "Fund") in exchange for assigning rights to the United States to collect on the default judgments they obtained as a result of their injuries.  The Special Master made a one-time determination that Plaintiffs were eligible for compensation from the fund.  Compl. ¶¶ 36-37, ECF No. 1.

In December 2022, Congress amended the USVSST governing statute by enacting the Fairness for 9/11 Families Act ("Fairness Act").  The Fairness Act mandated one-time lump sum

2

catch-up payments for "each" individual whose claims arose out of the 1983 Beirut barracks bombing or the 1996 Khobar Towers bombing. The Fairness Act directed the Comptroller General to determine the amount of such payments for "each" such victim according to certain statutory criteria. But the Fairness Act left in place the Special Master's exclusive statutory responsibility to determine eligibility for all compensation from the Fund, including lump sum catch-up payments.

The Special Master's conclusive determination that Plaintiffs are eligible for compensation from the Fund applied to catch-up payments under the Fairness Act as well. *Id.* at ¶¶ 27-28. No further eligibility determination was permitted by the statute. GAO nevertheless decided that, in contravention of the statutory scheme and the Special Master's express determination of eligibility, the Plaintiffs were not eligible for catch-up payments. *Id*. at ¶¶ 31, 61.

In January 2025, Plaintiffs filed their Complaint. Counts I and II, which are at issue in this motion, allege that the Comptroller General erred in determining that Plaintiffs were ineligible for catch-up payments. *Id.* ¶¶ 60-68. Plaintiffs sought review under the APA based upon the Comptroller General's incorrect interpretation of the Fairness Act as creating an additional eligibility requirement. But Plaintiffs alleged more than an incorrect statutory interpretation by the Comptroller General. Plaintiffs also alleged that the statutory responsibility for eligibility determinations rested with the Special Master, not the Comptroller General. *See id.* ¶¶ 21, 55; Compl. Ex. A, at 7, ECF No. 1-7.[1] Therefore, the Complaint makes clear that the Comptroller General not only erred, but also acted beyond her statutory authority. Compl. Ex. A, at 11 ("GAO was not delegated statutory responsibility for interpreting the statute with regard to eligibility for the payments."); Compl. at ¶ 55. In this unusual clash between two government agencies,

---

[1] The Complaint incorporates Exhibit A by reference. *See* Compl. ¶ 43.

Plaintiffs further alleged that it was the Special Master, not the Comptroller General, upon whom Congress conferred the statutory authority to make eligibility determinations. The Complaint further alleges that DOJ reached the same conclusion as Plaintiffs: that the Comptroller General intruded upon the Special Master's exclusive statutory responsibilities. *See* Compl. Ex. A, at 4 ("DOJ maintained that the Fairness Act 'left Fund application procedures and eligibility determinations in the discretion of the Special Master.'"). The Comptroller General's determination that Plaintiffs were *not eligible* directly conflicted with the Special Master's factual determination, properly alleged in the Complaint, that Plaintiffs *were* eligible. The Complaint thus alleges, in addition to an issue of statutory interpretation, a conflict between two government agencies in which Plaintiffs contend that the Comptroller General overstepped her authority and violated the statutory scheme by intruding upon statutory authority granted exclusively to the Special Master.

Defendants moved to dismiss Counts I and II, in part, on the grounds that the Comptroller General's eligibility determinations are not reviewable under the APA. *See* Mot. Dismiss at 9, ECF No. 19-1. In response, Plaintiffs argued in their opposition brief that the Comptroller General's actions were reviewable under the APA, or alternatively, because they were *ultra vires*. *See* Opp'n at 13-17, ECF No. 25. Plaintiffs requested oral argument. *Id.* at 3.

In reply, Defendants ignored the allegations cited above and argued that the because the words "*ultra vires*" do not appear in the Complaint, Plaintiffs forfeited any "*ultra vires* claim." Reply at 6 & n.4, ECF No. 27.

This Court granted Defendants' motion to dismiss without oral argument. Among other things, the Court held that *ultra vires* review was unavailable because Plaintiffs "forfeited" any such claim by "not plead[ing] an *ultra vires* claim" in their Complaint and by not "mentioning"

the phrase "*ultra vires.*"  Op. at 23.  The Court also ruled that this theory of jurisdiction failed on the merits.  *Id.* at 24.

The Court entered an order stating that "the case is dismissed," without specifying whether the dismissal was with or without prejudice.  Order at 1.  The Order stated that it "constitutes a final judgment of the court within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure."  *Id.*  And the Court "directed" the Clerk of Court "to terminate the case."  *Id.*

## LEGAL FRAMEWORK

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Although "[a] Rule 59(e) motion is discretionary," *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (cleaned up), denying a Rule 59(e) motion in this circumstance "is an abuse of discretion if the dismissal of the complaint with prejudice was erroneous," *Brink*, 787 F.3d at 1128 (quoting *Firestone*, 76 F.3d at 1209).  Denying a Rule 59(e) motion in this context is a "high bar."  *Id.* (reversing denial of Rule 59(e) motion); *Belizan v. Hershon*, 434 F.3d 579, 584 (D.C. Cir. 2006) (same); *Firestone*, 76 F.3d at 1208-09 (same).

Plaintiffs can "amend their complaint after it was dismissed with prejudice 'only by filing … a [Rule] 59(e) motion to alter or amend [the] judgment combined with a Rule 15(a) motion requesting leave of court to amend their complaint.'"  *Brink*, 787 F. 3d at 1128 (quoting *Firestone*, 76 F.3d at 1208).

Rule 15(a) provides that "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be

5

'freely given.'" *Foman*, 371 U.S. at 182. Liberal amendment vindicates "the principle that the purpose of pleading is to facilitate a proper decision on the merits," not "mere technicalities." *Id.* at 181-82. Thus, it is an abuse of discretion to deny leave to amend "unless there is sufficient reason." *Firestone*, 76 F.3d at 1208. "Where an amendment would do no more than clarify legal theories or make technical corrections, we have consistently held that delay, without a showing of prejudice, is not a sufficient ground for denying the motion." *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999). The nonmovant generally bears the burden of persuading the court that sufficient reasons exist, and therefore, that leave to amend should be denied. *See New Vision Photography Program, Inc. v. District of Columbia*, 54 F. Supp. 3d 12, 22 (D.D.C. 2014).

## ARGUMENT

This Court should alter or amend its judgment to clarify that Counts I and II are not dismissed with prejudice, reopen the case, and permit Plaintiffs to file the proposed amended complaint (Exhibit 1), which expressly pleads the theory of jurisdiction variously known as "nonstatutory" or "*ultra vires* review." *See, e.g.*, *Chamber of Commerce of the United States v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996) (discussing "nonstatutory review"); *Nat'l Trust for Historic Preserv. v. Nat'l Park Serv.*, --- F. Supp. 3d ---, 2026 WL 877779, at * 6 (D.D.C. Mar. 31, 2026) ("*ultra vires* review"), *remanded for factual development and clarification*, 2026 WL 980554 (D.C. Cir. Apr. 11, 2026). Additionally, upon the filing of the proposed amended complaint, the Court should remove from the Opinion the alternative holding that Plaintiffs forfeited the argument that the Comptroller General's actions were *ultra vires*.

**I.    The Court Should Alter Its Judgment Under Rule 59(e) to State that Counts I and II Were Dismissed Without Prejudice.**

Courts typically have discretion to alter or amend their judgments "to correct a clear error." *Firestone*, 76 F.3d at 1208. But "[a] court *must* grant a Rule 59(e) motion 'if [its] dismissal of the

6

complaint with prejudice was erroneous.'" *Baltimore v. Pruitt*, 293 F. Supp. 3d 1, 3 (D.D.C. 2017) (quoting *Brink*, 787 F.3d at 1129) (emphasis added). In case after case, the D.C. Circuit has "said that denial of [a] Rule 59(e) motion in this situation"—i.e., an erroneous dismissal with prejudice followed by a request to amend—"is an abuse of discretion." *Brink*, 787 F.3d at 1129 (reversing and remanding improper denial of Rule 59(e) motion); *Belizan*, 434 F.3d at 584 (same); *Firestone*, 76 F.3d at 1208-09 (same).

Here, the Opinion and Judgment bear *indicia* of a dismissal with prejudice. The Court's order dismissed "the case" and directed the Clerk of Court "to terminate the case" without permitting a period of time for Plaintiffs to amend. Order at 1, ECF No. 32. The Court did not specify that Counts I and II were dismissed without prejudice, nor did the Court allow a period of time for Plaintiffs to amend to cure the purported pleading deficiency that was the basis for the forfeiture holding relating to those counts.

Dismissal of Counts I and II with prejudice and without leave to amend is clear error warranting relief under Rule 59 because the Opinion held only that Counts I and II failed on jurisdictional grounds. *See* Op. 19-26 (holding that claims against Comptroller General for lack of subject matter jurisdiction). "[D]ismissals for lack of jurisdiction are not decisions on the merits." *Havens v. Mabus*, 759 F.3d 91, 98 (D.C. Cir. 2014) (cleaned up). The Court should thus alter its judgment to state that Counts I and II are dismissed without prejudice, and the Court should consider Plaintiffs' request for leave to amend under Rule 15. On the other hand, if the Court intended to dismiss Counts I and II without prejudice, it should clarify the Opinion and Judgment, and take up Plaintiffs' motion for leave to amend under Rule 15.

A similar scenario played out in *Baltimore v. Pruitt*, 293 F. Supp. 3d at 4-5. In that case, the Court dismissed the Complaint with prejudice and without leave to amend. *Id.* at 3. But the court later recognized that "[d]ismissals on the grounds of mootness and other justiciability doctrines are treated as jurisdictional dismissals" that cannot be with prejudice. *Id.* at 4. The Court therefore concluded that it erred in dismissing the plaintiffs' Complaint with prejudice, and granted the plaintiff relief under Rule 59(e). *Id.* at 5. This case warrants the same outcome.

## II.    The Court Should Grant Plaintiffs Leave to Amend Under Rule 15(a)(2).

The Court should grant Plaintiffs leave to amend so Plaintiffs can cure the purported pleading deficiency that caused the Court to conclude that they "forfeited" the ability to obtain "*ultra vires* review" of the Comptroller General's actions. *Cf.* Op. 23.

As an initial matter, Plaintiffs had good reason to believe that Defendants were incorrect to argue that the Complaint insufficiently pled the facts and circumstances that give rise to *ultra vires* review, and that the Complaint properly put Defendants on notice of that legal theory under Rule 8. *See supra* pp. 3-4. Moreover, Defendants' argument that the Complaint was required to go beyond pleading the necessary facts and circumstances to expressly set out a legal theory is contradicted by decisions of the Supreme Court and the D.C. Circuit. *See, e.g.*, *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1219, at 277-78 (3d ed. 2004)); *accord Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 18 n.5 (D.C. Cir. 2008) (rejecting argument that claim should have been dismissed for failure to mention relevant statute explicitly and stating "a complaint need not 'plead law' in specific detail.") (citation omitted)). Because Plaintiffs' request for oral argument was denied,

8

Plaintiffs had no opportunity to respond to Defendants' forfeiture argument before it made its way into the Court's Opinion.[2]

There are good reasons to grant leave to amend. The proposed amended complaint includes a new count that expressly invokes the *ultra vires* theory of jurisdiction in the manner suggested by the Opinion. *See* Ex. 1 at pp. 20-21. The proposed amended complaint therefore cures any purported pleading deficiency. Rule 15(a)(2) provides that "court[s] should freely give leave with justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his mandate is to be heeded," *Foman*, 371 U.S. at 182, because the "purpose of [Rule] 15(a) is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities," *Hicks*, 283 F.3d at 387 (cleaned up). Here, the proposed amendment would give Plaintiffs "maximum opportunity" to have their *ultra vires* claim reviewed on the merits, unencumbered by the "technicalit[y]" of a forfeiture ruling. *Id.* (citation omitted).

There is no good reason not to grant leave to amend. The case has not progressed beyond the motion to dismiss stage. Plaintiffs have not unduly delayed matters in this case, nor have they exhibited bad faith or dilatory motives. *See Foman*, 371 U.S. at 182. Moreover, this is Plaintiffs' first request for leave to amend. Plaintiffs did not seek to amend in response to Defendants' reply brief raising the forfeiture argument because they had good reason to believe, as explained above, that Defendants' forfeiture argument was incorrect. Moreover, Defendants did not contend that Plaintiffs failed to plead the facts and circumstances giving rise to their *ultra vires* argument. Nor

---

[2] The Court cited the unpublished decision in *Masroor v. Noem*, No. 25-cv-256 (JDB), 2025 WL 2439176, at *3 (D.D.C. Aug. 25, 2025) as support for its forfeiture holding. *See* Op. 23. To the extent *Masroor* contradicts *Johnson* and *Aktieselskabet*, the latter published authorities from the D.C. Circuit control. And if Plaintiffs are correct that the Complaint properly pled the facts and circumstances necessary to put Defendants on notice, the fact that Plaintiffs expressly set out the *ultra vires* legal theory for the first time in their opposition brief did constitute an improper attempt to amend the Complaint. *Cf.* Op. 23.

9

did Defendants argue that inclusion of the words "*ultra vires*" in the Complaint would have had any material effect on the proceedings, or that the omission of those words caused any prejudice. Defendants were able to brief the merits of the *ultra vires*, and the Court ruled on the issue.

Defendants may argue the proposed amendment should be denied as futile because the Court rejected Plaintiffs' *ultra vires* argument on the merits. While the futility doctrine gives this Court *discretion* to deny leave to amend, it does not *require* the Court to do so. And although Plaintiffs do not ask the Court to reconsider the merits of its *ultra vires* holding under Rule 59, Plaintiffs intend to appeal that determination to the D.C. Circuit together with numerous other issues.

The Court should exercise its discretion to allow the amendment under these circumstances. Granting the motion for leave to amend will ensure that appellate review of Plaintiffs' *ultra vires* argument is not unnecessarily hampered by a curable "procedural technicalit[y]." *Hicks*, 283 F.3d at 387 (citation omitted). If the motion for leave is not granted, the parties and the D.C. Circuit will be forced to expend resources on the propriety of the forfeiture holding, which can and should be efficiently resolved through amendment before appeal. And if the D.C. Circuit reverses the forfeiture holding, it is possible that it would remand with instructions to allow the amendment, which would add months or years to the eventual resolution of the case. Additionally, if the D.C. Circuit affirms with regard to the *ultra vires* doctrine on the basis of forfeiture and vacates this Court's ruling on the merits of the *ultra vires* doctrine, Plaintiffs would have been found not to have properly raised the "*ultra vires*" doctrine and that issue will not have been finally determined in this case. That too would be inefficient and unjust, particularly because the parties have briefed, and the Court has ruled on, the merits of this jurisdictional theory. It would be "entirely contrary to the spirit of the Federal Rules of Civil Procedure" for a merits ruling

10

on appeal to be avoided on the basis of such mere technicalities, *Foman*, 371 U.S. at 181, and it would also violate the command that those rules be administered to "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1.

Under these circumstances Plaintiffs "ought to be afforded an opportunity to test [their] claim on the merits" and have that claim squarely teed up for appellate review. *Foman*, 371 U.S. at 182.

## CONCLUSION

The Court should grant leave to amend, deem the proposed amended complaint filed, alter its Opinion and Judgment to reflect that Counts I and II are dismissed without prejudice, and remove the alternative holding that Plaintiffs forfeited an *ultra vires* theory of jurisdiction.

Dated: April 20, 2026

Respectfully Submitted,
WILLIAMS & CONNOLLY LLP

/s/ F. Greg Bowman
F. Greg Bowman (D.C. Bar No. 486097)
Edward C. Reddington (D.C. Bar No. 463507)
680 Maine Avenue, SW
Washington, DC 20024
fbowman@wc.com
(202) 434-5000

*Attorneys for Plaintiffs*

11