**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUSNAK, *et al.*,<br><br>        *Plaintiffs*,<br>v.<br><br>THE UNITED STATES OF AMERICA, *et al.*,<br><br>        *Defendants*. | Case No. 25-cv-292-LLA |
| CHRISTIE, *et al.*,<br><br>        *Plaintiffs*,<br>v.<br><br>THE UNITED STATES OF AMERICA, *et al.*,<br><br>        *Defendants*. | Case No. 25-cv-932-LLA |

**DEFENDANTS' OMNIBUS OPPOSITION TO PLAINTIFFS' MOTIONS TO ALTER
JUDGMENT AND AMEND THE COMPLAINTS**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 1

LEGAL STANDARD .......................................................................................................... 4

ARGUMENT ...................................................................................................................... 5

      I.        Plaintiffs Do Not Satisfy the Requirements for Alteration Under Rule 59
              Because the Court Did Not Commit Clear Error in Its *Ultra Vires* Ruling ............ 5

      II.      Plaintiffs May Not Seek Amendment Under Rule 15 ............................................. 7

CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*\*Blue Water Baltimore v. Pruitt,*
   293 F. Supp. 3d 1 (D.D.C. 2017) ............................................................................... 6, 8

*\*Ciralsky v. CIA,*
   355 F.3d 661 (D.C. Cir. 2004) ...................................................................................... 4, 7

*\*City of Dover v. U.S. EPA,*
   40 F. Supp. 3d 1 (D.D.C. 2013) ............................................................................. 4, 5, 7

*Firestone v. Firestone,*
   76 F.3d 1205 (D.C. Cir. 1996) ...................................................................................... 4, 7

*Havens v. Mabus,*
   759 F.3d 91 (D.C. Cir. 2014) ............................................................................................ 6

*Hecht v. Ludwig,*
   82 F.3d 1085 (D.C. Cir. 1996) ........................................................................................ 8

*Nuclear Regul. Comm'n v. Texas,*
   605 U.S. 665 (2025) ........................................................................................................... 2

*Nyunt v. Chairman, Broad. Bd. of Governors,*
   589 F.3d 445 (D.C. Cir. 2009) ........................................................................................ 9

*Savignac v. Jones Day,*
   341 F.R.D. 120 (D.D.C. 2022) ........................................................................................ 4

**Rules**

Fed. R. Civ. P. 8(a)(2) ....................................................................................................... 6

Fed. R. Civ. P. 15(a) ............................................................................................. *passim*

Fed. R. Civ. P. 59(e) ............................................................................................. *passim*

**INTRODUCTION**

The *Rusnak* and *Christie* Plaintiffs move to alter or amend the Court's judgment under Rule 59(e) on the narrow ground that the Court erred in concluding that Plaintiffs forfeited any *ultra vires* claim against the Government Accountability Office ("GAO") by failing to plead that claim in their complaints. Plaintiffs fail to meet the stringent standard established by Rule 59(e), and the Court should therefore deny their motions to alter or amend, and dismiss their Rule 15 motions to amend their complaints as moot.

**BACKGROUND**

Plaintiffs initially brought this action against the United States of America, the U.S. Department of Justice ("DOJ"), the Comptroller General, in his official capacity as the head of the GAO, and the U.S. Victims of State Sponsored Terrorism Fund ("USVSST") Special Master, in her official capacity (collectively, "Defendants"). Plaintiffs broadly alleged that Defendants unlawfully withheld payments owed to them under the USVSST, and as to the GAO, Plaintiffs specifically pleaded claims pursuant to the Administrative Procedure Act ("APA"), the Declaratory Judgment Act, and the Mandamus Act under Counts I and II. *See generally* Compl., ECF No. 1.[1]

Defendants moved to dismiss all claims,[2] and as to the GAO, moved to dismiss the APA claim on the basis that the GAO—a legislative branch entity—does not qualify as an agency under the APA, and thus, no waiver of sovereign immunity occurred. *See* Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Mot."), ECF No. 22-1, at 9–10. Defendants separately moved to dismiss the Declaratory Judgment Act and Mandamus Act claims against the GAO, because (1)

---

[1] The relevant docket entries for purposes of the instant motions are substantively identical between the two cases, so this omnibus opposition cites to the *Rusnak* docket only unless otherwise stated.
[2] Defendants successfully prevailed on the remaining claims, but those rulings are not the subject of this motion.

the Declaratory Judgment Act does not provide an independent source of federal jurisdiction; and (2) Plaintiffs, among other things, failed to establish that the GAO's statutory duty was merely ministerial. *Id.* at 10–12.

Plaintiffs' opposition briefs did not address Defendants' arguments as to the Declaratory Judgment Act or the Mandamus Act. Instead, Plaintiffs focused their GAO-related arguments almost exclusively on their APA claim. *See* Pls.' Opp'n to Defs.' Mot. to Dismiss ("Pls.' Opp'n"), ECF No. 25, at 13–17. Only briefly, and in the alternative, did Plaintiffs suggest that the Court need not resolve the jurisdictional APA question, because it could "set aside GAO's *ultra vires* imposition of an additional, unauthorized eligibility requirement." *Id.* at 17. That passing argument was predicated on the single allegation that the GAO "exceeded its statutory authority under the Fairness Act." *Id.*

On reply, Defendants noted that Plaintiffs conceded their Declaratory Judgment Act and Mandamus Act claims by failing to defend them. Defs.' Omnibus Reply in Supp. of Mot. to Dismiss ("Defs.' Reply"), ECF No. 27, at 5. Defendants also explained that Plaintiffs raised, instead, an *ultra vires* claim against the GAO for the first time in their opposition briefs. *Id.* at 5–6. Consequently, Defendants argued that Plaintiffs forfeited their *ultra vires* claim. *Id.* And they further argued that nonstatutory *ultra vires* review cannot apply where Plaintiffs merely allege that the GAO has reached "a conclusion which does not comport with the law." *Id.* at 6 (quoting *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 681 (2025)).

The Court agreed with Defendants on all counts with respect to the GAO claims. *First*, the Court held that "the APA does not waive the Acting Comptroller General's sovereign immunity," and dismissed that claim for lack of jurisdiction. Mem. Op. ("Op."), ECF No. 31, at 23. *Second*, the Court recognized that Plaintiffs failed to defend their Declaratory Judgment and Mandamus

2

Act claims (and thus forfeited them) but nevertheless dispensed with those claims on jurisdictional grounds. *Id.* at 26 n.19. *Third*, and most critically, the Court addressed Plaintiffs' *ultra vires* claim in full. It agreed with Defendants that Plaintiffs failed to plead an *ultra vires* claim and improperly attempted to do so via opposition briefing. *Id.* at 23. The Court also addressed the merits of that unpleaded claim, concluding that "*ultra vires* review is unavailable." *Id.* at 24. In so holding, the Court explained that Plaintiffs fell "far short of satisfying the especially demanding third prong of the *ultra vires* reviewability test," *id.* (citation omitted), because Plaintiffs allege only that "the Acting Comptroller General exceeded [her] statutory authority under the Fairness Act," *id.* at 25 (citation omitted). In other words, the Court explained, Plaintiffs "point to no statutory prohibition in the USVSSTF Act or other statute that the Acting Comptroller General has violated to an extreme and nearly jurisdictional degree." *Id.* (citation omitted). For that reason, the Court dismissed Plaintiffs' *ultra vires* claim on the merits.

The Court then issued a separate order, stating that, "[f]or the reasons stated in the court's Memorandum Opinion, ECF No. 31, it is hereby **ORDERED** that Defendants' Motion to Dismiss, ECF No. 22, is **GRANTED** and the case is **DISMISSED**." Order, ECF No. 32. The Court further stated that "[t]his Order constitutes a final judgment of the court within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure." *Id.*

Following the Court's issuance of the opinion and order, Plaintiffs moved to alter this Court's judgment and amend their complaints under Rules 59(e) and 15. *See* Pls.' Mem. in Supp. of their Mot. to Alter or Amend the J. Under Rule 59 & to File an Amended Compl. Under Rule 15 ("Pls.' Br."), ECF No. 33-1.[3]

---

[3] *See also* Pls.' Mem. in Supp. of their Mot. to Alter or Amend the J. Under Rule 59 & to File an Amended Compl. Under Rule 15, *Christie, et al. v. United States, et al.*, 25-cv-932, ECF No. 28-1.

**LEGAL STANDARD**

When a court issues final judgment under Rule 58, a plaintiff may "attempt to present [her] new claims by way of a Rule 59(e) motion to alter or amend the Court's judgment, combined with a motion for leave to file an amended complaint under Rule 15(a)(2)." *City of Dover v. U.S. EPA*, 40 F. Supp. 3d 1, 3 (D.D.C. 2013); *see also Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (noting that after judgment has been entered, plaintiffs must move to reopen the judgment before moving to amend). In that circumstance, "a court cannot permit an amendment unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment." *Dover*, 40 F. Supp. 3d at 4 (citation modified); *see also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) ("[T]o vacate the judgment, Appellants must first satisfy Rule 59(e)'s more stringent standard.").

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Dover*, 40 F. Supp. 3d at 4 (citations omitted); *see also Ciralsky*, 355 F.3d at 671. Only when a plaintiff satisfies Rule 59(e)'s "more stringent standard for setting aside" judgment, can a court then assess the combined Rule 15(a)(2) motion to amend. At that stage, a court may "deny a party leave to amend where it appears that the proposed amendment results from undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Savignac v. Jones Day*, 341 F.R.D. 120, 124 (D.D.C. 2022) (citation omitted).

## <u>ARGUMENT</u>

**I.      Plaintiffs Do Not Satisfy the Requirements for Alteration Under Rule 59 Because the Court Did Not Commit Clear Error in Its *Ultra Vires* Ruling**

Following the Court's issuance of final judgment, Plaintiffs now move, under Rule 59(e), to vacate the Court's forfeiture ruling on Plaintiffs' *ultra vires* claim, so that they can amend their complaints to specifically plead an *ultra vires* claim under Rule 15(a)(2).  In so moving, Plaintiffs do not seek to challenge the *merits* of the Court's *ultra vires* ruling, but claim, principally, that vacatur of the forfeiture finding is appropriate because this Court committed "clear error" in dismissing their *ultra vires* claim against the GAO (Counts I and II) with prejudice.  Pls.' Br. at 7.  Plaintiffs' attempt to vacate the Court's narrow forfeiture ruling on this basis falls woefully short.

Under Rule 59(e), a court need not grant alteration and amendment unless the "district court finds . . . the need to correct a clear error or prevent manifest injustice."  *Dover*, 40 F. Supp. 3d at 4 (citations omitted).[4]  Plaintiffs argue that the Court's forfeiture ruling was clearly erroneous *only* because it dismissed Plaintiffs' unpled *ultra vires* claim with prejudice.  But the Court's opinion does not state, nor does it reasonably imply, that the dismissal was with prejudice to the extent it concerned failure to plead or forfeiture.  Indeed, Plaintiffs only contend that the Court's order carries the "indicia" of prejudice.  Pls.' Br. at 7.  Disputes over such "indica," however, are ultimately immaterial, as the Court's opinion and order dismissing Plaintiffs' *ultra vires* claim was not limited to the jurisdictional question of forfeiture.  Rather, the Court concluded that Plaintiffs' *ultra vires* claim against the GAO failed "on both fronts."  Op. at 23.  Plaintiffs first forfeited the claim by failing to include in their complaints "a short and plain statement of the [*ultra vires*] claim showing that [they] are entitled to relief," Fed. R. Civ. P. 8(a)(2), and then by improperly attempting

---

[4] Plaintiffs do not and cannot argue that any of the other potential grounds for alteration or amendment under Rule 59(e) apply.

to insert an *ultra vires* claim through their opposition briefs, Op. at 23.  And Plaintiffs separately failed to state a claim under Rule 12(b)(6), the Court concluded, because they "have not identified more than a routine error in statutory interpretation."  *Id.* at 26 (citation omitted).  Thus, even if the so-called "indicia of prejudice" identified by Plaintiffs were sufficient to render the dismissal one with prejudice, the Court's order with respect to Plaintiffs' *ultra vires* claim is not in error, because it ultimately dismissed Plaintiffs' *ultra vires* claim on the merits.  *See Havens v. Mabus*, 759 F.3d 91, 98 (D.C. Cir. 2014) (recognizing that "adjudication upon the merits" amounts to a "dismissal with prejudice").

Plaintiffs' reliance on *Blue Water Baltimore v. Pruitt*, 293 F. Supp. 3d 1 (D.D.C. 2017), illustrates this very point.  There, the district court concluded that it erred in dismissing the complaint with prejudice "because dismissals on the grounds of mootness constitute dismissals for want of jurisdiction, which must be dismissed without prejudice."  *Id.* at 5.  Consequently, the district court granted the Rule 59(e) motion on the basis of clear error, before assessing the proposed amendment under Rule 15(a)(2).  *See id.* at 5–8.  This Court, however, did not limit its *ultra vires* ruling to want of jurisdiction.  To the contrary, it discussed and squarely rejected the *ultra vires* claim on the merits, holding that "the *ultra vires* doctrine does not provide an avenue for judicial review of Plaintiffs' claims against the Acting Comptroller General."  Op. at 26; *see also id.* at 23 (agreeing with Defendants that Plaintiffs failed to state an *ultra vires* claim under Rule 12(b)(6)).  Plaintiffs explicitly concede that the opinion they now challenge includes a ruling on the merits.  *See* Pls.' Br. at 10 ("Defendants were able to brief the merits of the *ultra vires*, and the Court ruled on the issue.").[5]  Accordingly, to the extent that the dismissal of Plaintiffs' *ultra*

---

[5] In seeking alteration under Rule 59, Plaintiffs half-heartedly contend that the "Opinion held only that Counts I and II failed on jurisdictional grounds."  Pls.' Br. at 7 (citing Op. at 19–26).  That argument cannot be reasonably credited in light of Plaintiffs' later concession—made in the context

6

*vires* claim is with prejudice, the Court did not err, and Plaintiffs cannot seek to alter the judgment under Rule 59(e) on this basis.

The Court should likewise reject Plaintiffs' alternative argument that the Court should clarify its opinion to demonstrate that it dismissed Plaintiffs' *ultra vires* claim without prejudice. *See* Pls.' Br at 7. That alternative argument seemingly rests on the undisputed principle that dismissals for lack of jurisdiction are not decisions on the merits. But even assuming that it would be proper to splice the Court's *ultra vires* ruling to isolate the jurisdictional finding, that necessarily means that the Court's order constitutes a dismissal without prejudice. In that circumstance, there would be no "clear error" under Rule 59 to warrant re-opening of the cases for purposes of altering judgment.

## II.    Plaintiffs May Not Seek Amendment Under Rule 15

In moving to alter the Court's finding of forfeiture through Rules 59 and 15, Plaintiffs seemingly suggest that they need only satisfy Rule 15(a)(2)'s requirements for amendment. *See* Pls.' Br. at 1 ("Either way, Plaintiffs should be granted leave to amend."). "But it is well settled in the D.C. Circuit—and in virtually every circuit to have considered the question—that once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment." *Dover*, 40 F. Supp. 3d at 1, 4 (citation modified). Here, for the reasons set forth above, *see supra* § I, Plaintiffs have not established "clear error" under Rule 59(e), and thus consideration of their proposed amendments would be improper, *see, e.g.*, *id.*; *Ciralsky*, 355 F.3d at 673 ("Since the court declined to set aside the judgment under Rule 59(e), it properly concluded that [the] motion to amend under Rule 15(a) was moot."); *Firestone*, 76 F.3d at 1208 ("[T]o vacate the judgment, Appellants must first satisfy

of their Rule 15 argument—that the parties and the Court addressed the *merits* of Plaintiffs' purported *ultra vires* claim.

Rule 59(e)'s more stringent standard."). Plaintiffs' failure to satisfy Rule 59(e) in the first instance dooms their ability to amend their complaints.

But even taking Rule 15 on its own, Plaintiffs do not plausibly satisfy that standard. The Rule 15(a) amendment standard, while liberal in its construction, does have limits—including whether the proposed amendment is futile. *See Blue Water Baltimore*, 293 F. Supp. 3d at 1, 4. Here, the Court already determined that Plaintiffs' *ultra vires* argument, had it been properly pleaded, could not survive a motion to dismiss. *See supra* § I. Were that not enough, Plaintiffs critically concede, as they must, that the Court already "rejected Plaintiffs' *ultra vires* argument on the merits," and that they do not seek reconsideration of that holding. Pls.' Br. at 10. Thus, there is no dispute that Plaintiffs' proposed amendment is futile under Rule 15.

Plaintiffs' only retort to that fatal concession is that they should be granted leave to amend to ensure that the D.C. Circuit does not affirm this Court's dismissal of Plaintiffs' *ultra vires* claim on a procedural technicality. *See id.* at 9. That argument assumes an error in this Court's order, which, as discussed above, is not accurate, and is nevertheless unnecessary. Should Plaintiffs appeal, they may raise procedural and substantive challenges to the Court's *ultra vires* ruling if they so desire, as both are addressed in the Court's opinion. Plaintiffs cannot, however, force a grant of discretionary amendment based on their speculation that the D.C. Circuit may rule on forfeiture alone. Indeed, there is nothing precluding the D.C. Circuit from opining on the merits of the Court's *ultra vires* ruling, as the D.C. Circuit could reverse on forfeiture but nevertheless address the merits. Regardless, the test for futility does not turn on what an appellate court might do. Rather, as the D.C. Circuit explained, "[c]ourts may deny a motion to amend a complaint as futile, as the district court did here, if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). The Court has

already held that Plaintiffs' proposed *ultra vires* amendments would not survive a motion to dismiss, and thus, even if this Court were to reach the Rule 15 analysis, it should deny their proposed amendments for futility.

Plaintiffs next make a series of arguments in favor of amendment that are largely beside the point, particularly in light of their concession on futility. Plaintiffs contend that in the absence of amendment, the parties and the D.C. Circuit will be forced to expend resources on briefing the forfeiture issue. Pls.' Br. at 10. Any such expenditure cannot be credibly viewed as burdensome or inefficient, given that Plaintiffs have already expressed their intent to appeal this case on a variety of issues. Likewise, if Plaintiffs are so concerned about the purported inefficiencies of the D.C. Circuit hypothetically reversing and remanding solely on the issue of forfeiture, Plaintiffs are free to make arguments on appeal that the appellate court should nonetheless reach the merits of the *ultra vires* claim. At bottom, had Plaintiffs wanted to ensure merits review on appeal, they had every opportunity to move for leave to amend at any time before judgment issued, including when Plaintiffs raised an *ultra vires* claim for the first time in their opposition briefs, and when Defendants identified that procedural default on reply. Plaintiffs should not now be able to invoke this procedural maneuver of proposed amendment for efficiency's sake simply because they made a tactical error in presuming they would prevail on an issue they did not brief.[6]

\*       \*       \*

---

[6] Regardless, Defendants dispute that Plaintiffs' complaints properly put them on notice of an *ultra vires* legal theory. Even in Plaintiffs' characterization of the complaints, they contend that the Comptroller General acted beyond her statutory authority. *See* Pls.' Br. at 3. Acting in excess of statutory authority is not the same as acting "contrary to a specific prohibition in the statute that is clear and mandatory." *Nyunt v. Chairman, Broad. Bd. of Governors*, 589 F.3d 445, 449 (D.C. Cir. 2009) (citation modified).

9

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Rule 59(e) motions to alter or

amend the judgment and dismiss their Rule 15 motions to amend their complaints as moot.


Dated: May 4, 2026                           Respectfully submitted,

                                             BRETT A. SHUMATE
                                             Assistant Attorney General

                                             ANDREW I. WARDEN
                                             Assistant Director, Federal Programs Branch

                                             */s/ Sarah M. Suwanda*
                                             KERI L. BERMAN
                                             SARAH M. SUWANDA
                                             Trial Attorneys
                                             Civil Division, Federal Programs Branch
                                             U.S. Department of Justice
                                             1100 L Street, NW
                                             Washington, D.C. 20005
                                             Phone: (202) 305-3196
                                             Fax: (202) 616-8470
                                             Email: sarah.m.suwanda@usdoj.gov

                                             *Counsel for Defendants*