**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ELVIS RUSNAK, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA,<br>et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 25-CV-292-LLA<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 AND
TO FILE AN AMENDED COMPLAINT UNDER RULE 15**

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................... 1

ARGUMENT ............................................................................................................................. 1

I.       Defendants Fail in Their Attempt To Obviate the Need for Rule 59(e) Relief. .......... 1

II.      The Court Should Rule on the Substance of the Rule 15 Motion ................................ 3

CONCLUSION ......................................................................................................................... 5

**TABLE OF AUTHORITIES**

Page

**CASES**

*Bryant v. Gates*, 532 F.3d 888 (D.C. Cir. 2008) ...........................................................5

*\*City of Dover v. U.S. EPA*, 40 F. Supp. 3d 1 (D.D.C. 2013) ......................................4

*\*Foman v. Davis*, 371 U.S. 178 (1962) ......................................................................4

*Heckler v. Ringer*, 466 U.S. 602 (1984) .....................................................................2

*Johnson v. City of Shelby*, 574 U.S. 10 (2014) ............................................................4

*Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665 (2025).................................................2

*\*Steel Co. v. Citizens for Better Env't*, 523 U.S. 83 (1998).........................................1, 3

*United Food & Com. Workers, Loc. 400 v. NLRB*, 694 F.2d 276 (D.C. Cir. 1982).........................2

*United States v. Hicks*, 283 F.3d 380 (D.C. Cir. 2002)..................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P.
   8...........................................................................................................................5
   12.....................................................................................................................1, 2, 3
   *15.................................................................................................................1, 3, 4, 5
   *59....................................................................................................................1, 3, 5

5 C. Wright & A. Miller, Federal Practice and Procedure § 1219 (3d ed. 2004) ...........................4

6 C. Wright & A. Miller, Federal Practice and Procedure § 1471 (2d ed. 1990) ...........................5

**INTRODUCTION**

Congress enacted legislation to benefit U.S. military veterans injured in certain terrorist attacks while serving overseas.  There is no dispute that Plaintiffs were intended beneficiaries.  But Plaintiffs never received their benefits because the administering agencies contradicted each other on how to implement the program.  Plaintiffs sued to correct this injustice and resolve the bureaucratic stalemate.  But the Court dismissed Plaintiffs' claims and specifically found that it lacked subject-matter jurisdiction over the claims against the Comptroller General, which are the only claims at issue in this motion.  Plaintiffs timely moved under Rule 59(e) to alter the judgment and under Rule 15 to cure a purported pleading deficiency.

Defendants' opposition underscores the need to grant Plaintiffs' motion.  Defendants do not contest the bedrock principle that Rule 59(e) relief *must* be granted when a court dismisses claims for lack of jurisdiction with prejudice.  Yet Defendants argue that dismissal with prejudice was proper here because, in their view, the Court reached the "merits" of the claims against the Comptroller General.  Defendants' argument fails for two reasons.  *First*, the Opinion explicitly dismissed the claims against the Comptroller General *only* for lack of subject matter jurisdiction. *Second*, once the Court held it lacked jurisdiction over the Comptroller General claims, it lacked authority to resolve the merits of those claims.  *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998).

**ARGUMENT**

I.    **Defendants Fail in Their Attempt To Obviate the Need for Rule 59(e) Relief.**

Defendants agree (at 7) that the forfeiture holding resulted in a lack of jurisdiction under Rule 12(b)(1), and that such a dismissal must be without prejudice.  It follows that if such a dismissal were made with prejudice, the Court must grant the Rule 59(e) motion and correct the error.  Pls.' Mot. (ECF 33-1) at 1.  Without disputing these points, Defendants argue (at 5-6) that

1

Rule 59(e) relief is not warranted because the Court properly dismissed the claims against the Comptroller General with prejudice.  According to Defendants, dismissal of these claims with prejudice was proper because the Court alternatively held that Plaintiffs failed to state a claim under Rule 12(b)(6).  Defs.' Opp'n (ECF 35) at 6.  To them, the Court's rejection of the *ultra vires* argument supposedly "on the merits" legitimizes the prejudicial effect of the Court's dismissal.  *Id.*  Defendants' attempt to rationalize the error fails for two reasons.

*First*, Defendants misread the Opinion.  The Court did not rely on Rule 12(b)(6) in connection with any part of its ruling on the *ultra vires* doctrine.  The Opinion instead states that "[t]he court will dismiss Plaintiffs' claims against the Acting Comptroller General for lack of jurisdiction."  Op. (ECF 31) at 18.  Indeed, the Court rejected Plaintiffs' ability to invoke the *ultra vires* doctrine as a waiver of sovereign immunity to sue the Comptroller General.  *Id.* at 24-26.  The Court therefore held that "the *ultra vires* doctrine does not provide an *avenue for judicial review* of Plaintiffs' claims against the Acting Comptroller General."  *Id.* at 26 (emphasis added).[1]  That phrase is further indication that the dismissal is for lack of jurisdiction under Rule 12(b)(1), not a ruling on the "merits" under Rule 12(b)(6).[2]

---

[1] Similar language is consistently used in connection with such jurisdictional analysis.  *See, e.g.*, *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 675 (2025) (using the phrase "avenue for judicial review" in connection with jurisdictional analysis); *id.* at 703 (Gorsuch, J., dissenting) (noting that under *Steel Company* the majority's discussion of the merits is "pure dicta"), *on remand*, 152 F.4th 686 (5th Cir. 2025) (noting that the Supreme Court held *ultra vires* review is unavailable where judicial review is otherwise available and that Court concluded that "we lack jurisdiction to consider the petition for review in this case"); *Heckler v. Ringer*, 466 U.S. 602, 611 (1984) (using the phrase "avenue for judicial review" in connection with jurisdictional analysis); *cf. United Food & Com. Workers, Loc. 400 v. NLRB*, 694 F.2d 276, 278-79 (D.C. Cir. 1982) (referring to *ultra vires* review as an exception to "nonreviewability" and affirming dismissal "for lack of subject-matter jurisdiction").

[2] Plaintiffs did not "concede" that the Court dismissed the "merits" of the claims under Rule 12(b)(6) such that dismissal with prejudice was warranted.  *Cf.* Opp'n at 6.  Plaintiffs used the term "merits" to distinguish between the Court's two-sentence "forfeiture" ruling, Op. at 23, and the

*Second*, Defendants argue that dismissal with prejudice was proper because the Court implicitly dismissed the claims against the Comptroller General under both Rule 12(b)(1) and Rule 12(b)(6).  This is too clever by half:  a federal district court cannot dismiss claims on the merits after holding that it lacks jurisdiction to decide those claims.  *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998).  Here, it is undisputed that the Court held that it lacked jurisdiction to decide Plaintiffs' claims against the Comptroller General—it decided that GAO is not an "agency" under the APA and that Plaintiffs had forfeited their ability to seek review under the *ultra vires* doctrine.  Op. at 19-23.  This left no waiver of sovereign immunity to ground jurisdiction for Plaintiffs' claims against the Comptroller General.  The Court should have stopped there under *Steel Company*; it could not proceed to rule "on the merits" and dismiss with prejudice under Rule 12(b)(6) when it had formally found jurisdiction lacking under Rule 12(b)(1).  To do as Defendants argue would itself (ironically) be, "by very definition, for [the] court to act ultra vires." *Id.* at 102.

In short, Rule 59(e) entitles Plaintiffs to relief even under Defendants' strained reading of the Court's Opinion.  The Court could not reject Plaintiffs' *ultra vires* argument under Rule 12(b)(6) after determining that it lacked jurisdiction to consider that very argument under Rule 12(b)(1).

## II.    The Court Should Rule on the Substance of the Rule 15 Motion.

After granting Rule 59(e) relief, the Court must rule on the substance of the Rule 15 motion.  Plaintiffs urge the Court to grant leave to amend the Complaint to expressly plead an *ultra vires* count and cure the purported pleading deficiency underlying the Court's forfeiture holding.

---

Court's rejection of Plaintiffs' reliance on the *ultra vires* doctrine as a waiver of sovereign immunity that permits claims against the Comptroller General, *id.* at 24-26.  *See* Mot. at 10.

On its own terms, Rule 15(a)(2) entitles Plaintiffs to an amendment.  Plaintiffs' proposed amended complaint adds an express *ultra vires* claim.  In similar circumstances, the Supreme Court held "that it was error to deny a motion to vacate a judgment to amend a complaint when 'the amendment would have done no more than state an alternative theory for recovery.'"  *City of Dover v. U.S. EPA*, 40 F. Supp. 3d 1, 6 (D.D.C. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Defendants respond (at 8) that Plaintiffs do not "dispute that Plaintiffs' proposed amendment is futile under Rule 15."  That is incorrect.  The futility doctrine is typically applied when a necessary factual allegation is lacking from the complaint and the proposed amendment fails to sufficiently plead that fact.  Here though, the proposed amendment would squarely cure the purported pleading deficiency—the failure to expressly plead an *ultra vires* count in the Complaint.  In any event, a clear denial of the amendment on futility grounds would still preserve for appeal the legal question of whether the amendment would provide a jurisdictional basis for the claims against the Comptroller General.

Finally, Defendants argue (at 9) that Plaintiffs should be denied leave to amend because they committed a "tactical error" by not including an express *ultra vires* count in their Complaint.  But Plaintiffs had every reason to believe that amendment was not necessary because it is well-established that "it is unnecessary," in a complaint, "to set out a legal theory for the plaintiff's claim for relief."  *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1219, at 277-78 (3d ed. 2004)).  In light of these authorities, it is not surprising that Defendants fail to respond to this point or otherwise defend the propriety of the forfeiture ruling.[3]  At any rate, because the Court dismissed Counts I and II for

---

[3] Moreover, Defendants' incorrect forfeiture argument was put forth in a single sentence in Defendants' 22-page reply brief and was accompanied by a citation to a single case that has nothing

4

lack of jurisdiction, Plaintiffs should have an opportunity to cure that supposed pleading deficiency before appeal. Granting leave to amend would conserve judicial resources and ensure that Plaintiffs' *ultra vires* argument is reviewed on the merits the first time around, unencumbered by an alternative forfeiture holding. That justification is not "beside the point," *cf.* Opp'n at 9, it goes to the heart of the Federal Rules' command that cases "be decided on [the] merits rather than on procedural technicalities." *United States v. Hicks*, 283 F.3d 380, 387 (D.C. Cir. 2002) (quoting 6 C. Wright & A. Miller, Federal Practice and Procedure § 1471, at 505-06 (2d ed. 1990)).

## CONCLUSION

The Opinion has given rise to two very different understandings of the nature of the dismissal of the claims against the Comptroller General. The Court should grant the Rule 59(e) motion, alter the Opinion and Judgment to clarify the effect of the dismissal of those claims, and reach the substance of the Rule 15 motion.

Dated: May 11, 2026

Respectfully Submitted,
WILLIAMS & CONNOLLY LLP

/s/ F. Greg Bowman
F. Greg Bowman (D.C. Bar No. 486097)
Edward C. Reddington (D.C. Bar No. 463507)
680 Maine Avenue, SW
Washington, DC 20024
fbowman@wc.com
(202) 434-5000

*Attorneys for Plaintiffs*

---

to do with Rule 8 pleading standards. *See* Defs.' Reply in Supp. Mot. Dismiss (ECF 27) at 6 (quoting *Bryant v. Gates*, 532 F.3d 888, 898 (D.C. Cir. 2008)).

5