APPEAL,CLOSED,TYPE−E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:25−cv−00292−LLA

RUSNAK et al v. UNITED STATES OF AMERICA et al
Assigned to: Judge Loren L. AliKhan
Related Case: 1:25−cv−00932−LLA
Case in other court: USCA, 26−05171
Cause: 05:0701 Judicial Review of Agency Decision

Date Filed: 01/31/2025
Date Terminated: 03/24/2026
Jury Demand: None
Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**ELVIS RUSNAK** represented by **Frank Gregory Bowman**
WILLIAMS & CONNOLLY LLP
725 12th St. NW
Washington, DC 20005
(202) 434−5753
Fax: (202) 434−5029
Email: fbowman@wc.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CLAYTON OMAR ZOOK** represented by **Frank Gregory Bowman**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**UNITED STATES OF AMERICA** represented by **Anna Lynn Deffebach**
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
202−320−3403
Email: adeffebach@democracyforward.org
*TERMINATED: 10/14/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Keri Lane Berman**
DOJ−CIV
Federal Programs Branch
1100 L Street NW
Suite 12010
Washington, DC 20005
202−305−7538

Email: keri.l.berman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Suwanda**
DOJ−CIV
1100 L Street NW
Washington, DC 20005
202−305−3196
Email: sarah.m.suwanda@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**COMPTROLLER GENERAL OF THE UNITED STATES**
*in his official capacity*

represented by **Anna Lynn Deffebach**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Keri Lane Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Suwanda**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND**
*in her official capacity*

represented by **Anna Lynn Deffebach**
(See above for address)
*TERMINATED: 10/14/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Keri Lane Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Suwanda**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF JUSTICE**

represented by **Anna Lynn Deffebach**
(See above for address)
*TERMINATED: 10/14/2025*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Keri Lane Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Suwanda**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/31/2025 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number ADCDC−11447323) filed by Elvis Rusnak, CLAYTON OMAR ZOOK. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Summons Summons, # 3 Summons Summons, # 4 Summons Summons, # 5 Summons Summons, # 6 Summons Summons, # 7 Exhibit Exhibit A)(Bowman, Frank) (Entered: 01/31/2025) |
| 02/03/2025 | | Case Assigned to Judge Loren L. AliKhan. (znmw) (Entered: 02/03/2025) |
| 02/03/2025 | 2 | SUMMONS (4) Issued Electronically as to COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, UNITED STATES OF AMERICA, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(znmw) (Entered: 02/03/2025) |
| 02/04/2025 | 3 | REQUEST FOR SUMMONS TO ISSUE *to USAO DC* filed by ELVIS RUSNAK, CLAYTON OMAR ZOOK. Related document: 1 Complaint, filed by CLAYTON OMAR ZOOK, ELVIS RUSNAK.(Bowman, Frank) (Entered: 02/04/2025) |
| 02/05/2025 | 4 | SUMMONS (1) Reissued Electronically as to U.S. Attorney (znmw) (Entered: 02/05/2025) |
| 02/11/2025 | 5 | ENTERED IN ERROR.....RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the District of Columbia Attorney General. Date of Service Upon District of Columbia Attorney General 2/11/2025. Answer due for ALL D.C. DEFENDANTS by 3/4/2025. (Bowman, Frank) Modified on 2/11/2025 (znmw). (Entered: 02/11/2025) |
| 02/11/2025 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 02/10/2025. (Bowman, Frank) (Entered: 02/11/2025) |
| 02/11/2025 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. DEPARTMENT OF JUSTICE served on 2/10/2025 (Bowman, Frank) (Entered: 02/11/2025) |
| 02/11/2025 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. COMPTROLLER GENERAL OF THE UNITED STATES served on 2/11/2025 (Bowman, Frank) (Entered: 02/11/2025) |
| 02/11/2025 | 9 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND served on 2/10/2025 (Bowman, Frank) (Entered: 02/11/2025) |

| | | |
|---|---|---|
| 02/11/2025 | | NOTICE OF ERROR regarding 5 Summons Returned Executed as to DC Attorney General,. The following error(s) need correction: Incorrect event. Please refile using the event Summons Returned Executed as to U.S. Attorney. (znmw) (Entered: 02/11/2025) |
| 02/11/2025 | 10 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 2/11/2025. Answer due for ALL FEDERAL DEFENDANTS by 4/12/2025. (Bowman, Frank) (Entered: 02/11/2025) |
| 02/11/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 10 RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 2/11/2025. Answer due for ALL FEDERAL DEFENDANTS by 4/12/2025. (Bowman, Frank).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney−renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 2/18/2025. (zhcn) Modified on 2/13/2025 (zhcn). (Entered: 02/13/2025) |
| 02/25/2025 | 11 | NOTICE of Appearance by Anna Lynn Deffebach on behalf of All Defendants (Deffebach, Anna) (Entered: 02/25/2025) |
| 02/25/2025 | 12 | STIPULATION *Joint Stipulation* by UNITED STATES OF AMERICA, COMPTROLLER GENERAL OF THE UNITED STATES, U.S. DEPARTMENT OF JUSTICE, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND. (Deffebach, Anna) (Entered: 02/25/2025) |
| 04/01/2025 | 13 | Consent MOTION for Extension of Time to File Answer *and Stipulation* by UNITED STATES OF AMERICA, COMPTROLLER GENERAL OF THE UNITED STATES, U.S. DEPARTMENT OF JUSTICE, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND. (Attachments: # 1 Text of Proposed Order)(Deffebach, Anna) (Entered: 04/01/2025) |
| 04/08/2025 | | MINUTE ORDER: Upon consideration of Defendants' consent motion for an extension and stipulation 13 , it is hereby ORDERED that the motion is GRANTED and Defendants shall respond to Plaintiffs' complaint on or before May 14, 2025. It is further ORDERED that the parties shall file an updated joint stipulation with the changes described in their motion on or before April 15, 2025. Signed by Judge Loren L. AliKhan on 04/08/2025. (lclla1) (Entered: 04/08/2025) |
| 04/08/2025 | | ***Deadlines terminated & Set/Reset Deadlines: Updated Joint Stipulation (misc ddl) due by 4/15/2025. (mhp) (Entered: 04/08/2025) |
| 04/08/2025 | 14 | NOTICE of Appearance by Keri Lane Berman on behalf of All Defendants (Berman, Keri) (Entered: 04/08/2025) |
| 04/14/2025 | 15 | STIPULATION re Order on Motion for Extension of Time to Answer, *Joint* by COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. |

| | | |
|---|---|---|
| | | VICTIMS OF STATE SPONSORED TERRORISM FUND, U.S. DEPARTMENT OF JUSTICE, UNITED STATES OF AMERICA. (Berman, Keri) (Entered: 04/14/2025) |
| 05/06/2025 | 16 | NOTICE of Appearance by Sarah Suwanda on behalf of All Defendants (Suwanda, Sarah) (Entered: 05/06/2025) |
| 05/06/2025 | 17 | MOTION for Briefing Schedule *to be Consolidated* by COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, U.S. DEPARTMENT OF JUSTICE, UNITED STATES OF AMERICA. (Attachments: # 1 Proposed Order)(Suwanda, Sarah) (Entered: 05/06/2025) |
| 05/12/2025 | 18 | Memorandum in opposition to re 17 MOTION for Briefing Schedule *to be Consolidated* filed by ELVIS RUSNAK, CLAYTON OMAR ZOOK. (Attachments: # 1 Text of Proposed Order Proposed order, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4)(Bowman, Frank) (Entered: 05/12/2025) |
| 05/14/2025 | 19 | First MOTION to Dismiss *the Complaint* by COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, U.S. DEPARTMENT OF JUSTICE, UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order)(Suwanda, Sarah) (Entered: 05/14/2025) |
| 05/14/2025 | 20 | MOTION for Relief from Local Civil Rule 7(n) re 19 First MOTION to Dismiss *the Complaint* by COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, U.S. DEPARTMENT OF JUSTICE, UNITED STATES OF AMERICA. (Attachments: # 1 Proposed Order)(Suwanda, Sarah) (Entered: 05/14/2025) |
| 05/15/2025 | | MINUTE ORDER: Upon consideration of Defendants' motion for the briefing schedule to be consolidated 17 with the briefing schedule in *Christie v. United States*, No. 25−CV−932, it is hereby ORDERED that briefing on Defendants' motion to dismiss 19 is STAYED pending the resolution of the motion to consolidate the briefing schedule. The court will rule on the motion once the issue has been fully briefed in both cases. Signed by Judge Loren L. AliKhan on 05/15/2025. (lclla1) (Entered: 05/15/2025) |
| 05/19/2025 | 21 | NOTICE by COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, U.S. DEPARTMENT OF JUSTICE, UNITED STATES OF AMERICA re 17 Motion for Briefing Schedule, (Berman, Keri) (Entered: 05/19/2025) |
| 05/21/2025 | | MINUTE ORDER: Upon consideration of Defendants' opposed motion 17 for the briefing schedule to be consolidated with the schedule in *Christie v. United States*, No. 25−CV−932, and pursuant to Federal Rules of Civil Procedure 6(b) and 42(a), it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Defendants' motion to dismiss 19 and motion for relief from Local Civil Rule 7(n) 20 shall be stricken, and the following schedule shall govern the parties' briefing: (1) Defendants shall file an omnibus motion on or before June 9, 2025; (2) Plaintiffs shall file their oppositions on or before June 23, 2025; and (3) Defendants shall file an omnibus reply on or before July 7, 2025. Signed by Judge Loren L. AliKhan on 05/21/2025. (lclla1) (Entered: 05/21/2025) |
| 05/21/2025 | | Set/Reset Deadlines: Omnibus Motion due by 6/9/2025; Responses (oppositions) due by 6/23/2025; Defts Replies due by 7/7/2025. (mhp) (Entered: 05/22/2025) |

| | | |
|---|---|---|
| 06/09/2025 | 22 | MOTION to Dismiss by COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, U.S. DEPARTMENT OF JUSTICE, UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Berman, Keri) (Entered: 06/09/2025) |
| 06/09/2025 | 23 | MOTION Relief from Civil Local Rule 7(n) re 22 MOTION to Dismiss by COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, U.S. DEPARTMENT OF JUSTICE, UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Berman, Keri) (Entered: 06/09/2025) |
| 06/19/2025 | 24 | Consent MOTION for Extension of Time to File Response/Reply by ELVIS RUSNAK, CLAYTON OMAR ZOOK. (Attachments: # 1 Text of Proposed Order Proposed order)(Bowman, Frank) (Entered: 06/19/2025) |
| 06/20/2025 | | MINUTE ORDER: Upon consideration of the parties' consent motion for an extension of time 24 , it is hereby ORDERED that the motion is GRANTED, and the following schedule shall govern the parties' briefing: (1) Plaintiffs shall file their oppositions on or before July 14, 2025; and (2) Defendants shall file an omnibus reply on or before August 4, 2025. Signed by Judge Loren L. AliKhan on 06/20/2025. (lclla1) (Entered: 06/20/2025) |
| 06/26/2025 | | MINUTE ORDER: Upon consideration of Defendants' motion to waive the requirements of Local Civil Rule 7(n) 23 , to which no opposition was filed, it is hereby ORDERED that the motion is GRANTED. Defendants are excused from the requirements of Local Civil Rule 7(n) until after the court rules on Defendants' pending motion to dismiss 22 . Signed by Judge Loren L. AliKhan on 06/26/2025. (lclla1) (Entered: 06/26/2025) |
| 07/14/2025 | 25 | RESPONSE re 22 MOTION to Dismiss filed by ELVIS RUSNAK, CLAYTON OMAR ZOOK. (Attachments: # 1 Text of Proposed Order Proposed order, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E)(Bowman, Frank) (Entered: 07/14/2025) |
| 07/29/2025 | 26 | Consent MOTION for Extension of Time to File Response/Reply as to 22 MOTION to Dismiss by COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, U.S. DEPARTMENT OF JUSTICE, UNITED STATES OF AMERICA. (Attachments: # 1 Proposed Order)(Suwanda, Sarah) (Entered: 07/29/2025) |
| 08/04/2025 | | MINUTE ORDER: Upon consideration of Defendants' consent motion for an extension of time 26 , it is hereby ORDERED that the motion is GRANTED, and Defendants shall file an omnibus reply on August 8, 2025. Signed by Judge Loren L. AliKhan on 08/04/2025. (lclla1) (Entered: 08/04/2025) |
| 08/08/2025 | 27 | REPLY to opposition to motion re 22 Motion to Dismiss, filed by COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, U.S. DEPARTMENT OF JUSTICE, UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Berman, Keri) (Entered: 08/08/2025) |
| 10/14/2025 | 28 | NOTICE OF WITHDRAWAL OF APPEARANCE as to COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, U.S. DEPARTMENT OF JUSTICE, |

| | | |
|---|---|---|
| | | UNITED STATES OF AMERICA. Attorney Anna Lynn Deffebach terminated. (Deffebach, Anna) (Entered: 10/14/2025) |
| 02/04/2026 | 29 | NOTICE OF SUPPLEMENTAL AUTHORITY by ELVIS RUSNAK, CLAYTON OMAR ZOOK (Attachments: # 1 Exhibit A)(Bowman, Frank) (Entered: 02/04/2026) |
| 03/09/2026 | 30 | RESPONSE re 29 NOTICE OF SUPPLEMENTAL AUTHORITY filed by COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, U.S. DEPARTMENT OF JUSTICE, UNITED STATES OF AMERICA. (Suwanda, Sarah) (Entered: 03/09/2026) |
| 03/24/2026 | 31 | MEMORANDUM OPINION regarding Defendants' Motion to Dismiss 22 . See opinion for details. Signed by Judge Loren L. AliKhan on 3/24/2026. (lclla1) (Entered: 03/24/2026) |
| 03/24/2026 | 32 | ORDER: For the reasons explained in the court's Memorandum Opinion 31 , it is hereby ORDERED that Defendants' Motion to Dismiss 22 is GRANTED and the case is DISMISSED. This Order constitutes a final judgment of the court within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to terminate the case. See Order for details. Signed by Judge Loren L. AliKhan on 3/24/2026. (lclla1) (Entered: 03/24/2026) |
| 04/20/2026 | 33 | MOTION to Alter Judgment as to 32 Order,, Terminate Motions, 31 Order, Memorandum & Opinion by ELVIS RUSNAK, CLAYTON OMAR ZOOK. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Exhibit 1 − Proposed Am. Compl., # 3 Exhibit Exhibit 2 − Redline)(Bowman, Frank). Added MOTION for Leave to File on 4/21/2026 (znmw). (Entered: 04/20/2026) |
| 04/24/2026 | 34 | NOTICE of Proposed Order by ELVIS RUSNAK, CLAYTON OMAR ZOOK re 33 MOTION to Alter Judgment as to 32 Order,, Terminate Motions, 31 Order, Memorandum & Opinion MOTION for Leave to File (Attachments: # 1 Text of Proposed Order)(Bowman, Frank) (Entered: 04/24/2026) |
| 05/04/2026 | 35 | RESPONSE re 33 MOTION to Alter Judgment as to 32 Order,, Terminate Motions, 31 Order, Memorandum & Opinion MOTION for Leave to File filed by COMPTROLLER GENERAL OF THE UNITED STATES, SPECIAL MASTER, U.S. VICTIMS OF STATE SPONSORED TERRORISM FUND, U.S. DEPARTMENT OF JUSTICE, UNITED STATES OF AMERICA. (Suwanda, Sarah) (Entered: 05/04/2026) |
| 05/11/2026 | 36 | REPLY to opposition to motion re 33 Motion to Alter Judgment,, Motion for Leave to File, filed by ELVIS RUSNAK, CLAYTON OMAR ZOOK. (Bowman, Frank) (Entered: 05/11/2026) |
| 05/19/2026 | 37 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 32 Order,, Terminate Motions, 31 Order, Memorandum & Opinion by ELVIS RUSNAK, CLAYTON OMAR ZOOK. Filing fee $ 605, receipt number ADCDC−12429211. Fee Status: Fee Paid. (Bowman, Frank) (Entered: 05/19/2026) |
| 05/20/2026 | 38 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 37 Notice of Appeal to DC Circuit Court. (znmw) (Entered: 05/20/2026) |
| 05/20/2026 | | USCA Case Number 26−5171 for 37 Notice of Appeal to DC Circuit Court filed by CLAYTON OMAR ZOOK, ELVIS RUSNAK. (mg) (Entered: 05/20/2026) |

| | | |
|---|---|---|
| 05/20/2026 | 39 | ORDER of USCA holding in abeyance as to 37 Notice of Appeal to DC Circuit Court filed by CLAYTON OMAR ZOOK, ELVIS RUSNAK ; USCA Case Number 26−5171. (mg) (Entered: 05/20/2026) |
| 08/14/2026 | 40 | MEMORANDUM OPINION AND ORDER: For the reasons explained in the attached opinion, it is hereby ORDERED that Plaintiffs' Motion to Alter or Amend the Judgment and to File an Amended Complaint Under Rule 15 33 is DENIED. See opinion for details. Signed by Judge Loren L. AliKhan on 8/14/2026. (lclla1) (Entered: 08/14/2026) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELVIS RUSNAK, *et al.*,<br>*Plaintiffs*,<br>v.<br>UNITED STATES OF AMERICA, *et al.*,<br>*Defendants*. | Civil Action No. 25 - 292 (LLA) |
| GLENN TYLER CHRISTIE, *et al.*,<br>*Plaintiffs*,<br>v.<br>UNITED STATES OF AMERICA, *et al.*,<br>*Defendants*. | Civil Action No. 25 - 932 (LLA) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs in the above-captioned cases brought suit against the United States of America, the U.S. Department of Justice ("DOJ"), Acting Comptroller General Orice Williams Brown in her official capacity, and U.S. Victims of State Sponsored Terrorism Fund ("USVSSTF" or the "Fund") Special Master Mary Patrice Brown in her official capacity, alleging that Defendants unlawfully withheld payments owed to them from the USVSSTF in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Mandamus Act, 28 U.S.C. § 1361. *Rusnak*, ECF No. 1; *Christie*, ECF No. 1. In March 2026, this court granted Defendants' consolidated motion to dismiss Plaintiffs' complaints

and dismissed the cases. *Rusnak*, ECF Nos. 31, 32; *Christie*, ECF Nos. 26, 27. Plaintiffs have moved to alter or amend the court's judgment and for leave to file an amended complaint. *Rusnak*, ECF No. 33; *Christie*, ECF No. 28. For the reasons explained below, the court denies Plaintiffs' Rule 59(e) motions.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The court recounts the facts as described in its previous memorandum opinion. *Rusnak*, ECF No. 31; *Christie*, ECF No. 26 ("Mem. Op."). The USVSSTF compensates those who have obtained judgments against foreign state sponsors of terrorism. *See* Justice for U.S. Victims of State Sponsored Terrorism Act, Pub. L. No. 114-113, § 404(b)(2)(B), (c), (j), 129 Stat. 3007, 3008-09, 3016-17 (2015) (codified at 34 U.S.C. § 20144). The Fund is administered by a Special Master, 34 U.S.C. § 20144(b)(1)(A), who is tasked with "specifying the procedures necessary for United States persons to apply and establish eligibility for payment," *id.* § 20144(b)(2)(A). "All decisions made by the Special Master with regard to compensation from the Fund [are] . . . not subject to . . . judicial review." *Id.* § 20144(b)(3)(B).

On December 29, 2022, Congress enacted the Fairness for 9/11 Families Act (the "Fairness Act"), which, as relevant here, authorized lump sum catch-up payments for victims of the 1983 Beirut barracks and 1996 Khobar Towers bombings to ensure that these victims would receive an equal share of payments as other non-9/11 victims. *See* Fairness for 9/11 Families Act, Pub. L. No. 117-328, § 101(b)(3)(B), 136 Stat. 6106, 6108-09 (2022). Congress established a reserve fund within the USVSSTF for the allocation of these lump sum catch-up payments and directed the Comptroller General to calculate the amount of payments for Beirut barracks and Khobar Towers bombing victims. *See id.* Specifically, Congress required the Comptroller General to "conduct an audit and publish in the Federal Register a notice of proposed lump sum catch-up payments to the

1983 Beirut barracks bombing victims and the 1996 Khobar Towers bombing victims who have submitted applications [for payment from the Fund] on or after [the December 29, 2022] date of enactment." *Id.* § 101(b)(3)(B)(iii), 136 Stat. at 6108. Following a public comment period, the Comptroller General was required to submit "a report that includes [her] determination . . . [on] the amount of the proposed lump sum catch-up payment for each 1983 Beirut barracks bombing victim" and "each 1996 Khobar Towers bombing victim." *Id.* Congress then directed the Special Master to "authorize lump sum catch-up payments from the reserve fund . . . in amounts equal to the amounts described in [the Comptroller General's report]." *Id.* (providing that the Special Master "shall authorize" such payments "[n]ot earlier than 90 days after the date on which the Comptroller General submits the report" but "not later than 1 year after such date"). The Fairness Act also changed the application period for victims of the Beirut barracks and Khobar Towers bombings to submit applications for payment from the Fund, setting a deadline of "180 days from the [December 29, 2022] date of enactment"—June 27, 2023. *Id.* § 101(b)(2), 136 Stat. at 6106-07. It further provided that, within thirty days after the date of enactment, "the Special Master shall update, as necessary as a result of the enactment of such Act, such procedures and other guidance previously issued by the Special Master." *Id.* § 101(b)(1)(B), 136 Stat. at 6106.

The USVSSTF permits individuals to submit one application for each claim. *Rusnak*, ECF No. 1 ¶ 45; *Christie*, ECF No. 1 ¶ 47; *see* Justice for United States Victims of State Sponsored Terrorism Act, 81 Fed. Reg. 45535, 45537 (July 14, 2016) ("Only one application may be submitted for each claim."). The Special Master did not change the procedures for applying to the Fund following the enactment of the Fairness Act. *Rusnak*, ECF No. 1 ¶ 46; *Christie*, ECF No. 1 ¶ 48; *see Rusnak*, ECF No. 25-3, at 13. In December 2023, the Government Accountability Office ("GAO") published its first notice in the Federal Register proposing its methodology for

calculating lump sum catch-up payments for victims of the Beirut barracks and Khobar Towers bombings. *Rusnak*, ECF No. 1-7, at 3; *Christie*, ECF No. 1 ¶ 25; *see* Notice of Planned Methodology for Estimating Lump Sum Catch-Up Payments to Eligible 1983 Beirut Barracks Bombing Victims and 1996 Khobar Towers Bombing Victims, 88 Fed. Reg. 89693 (Dec. 28, 2023). GAO published a second notice in July 2024, which interpreted the Fairness Act as directing the Comptroller General to calculate lump sum catch-up payments for only those victims who had "submitted an application during the 180-day period from the date of enactment of the Fairness Act." Notice of Estimated Lump Sum Catch-Up Payments to Eligible 1983 Beirut Barracks Bombing Victims and 1996 Khobar Towers Bombing Victims and Planned Methodology, 89 Fed. Reg. 56376, 56379 n.33 (July 9, 2024). GAO's second notice also stated that, in February 2023, the Special Master had added guidance to the Fund website's "Frequently Asked Questions" section stating that claimants who had previously been found eligible for the Fund were not eligible to receive lump sum catch-up payments. *Id.* at 56378 n.29. GAO subsequently provided a draft report of its catch-up payment calculations to DOJ, which disagreed with GAO's approach. *Rusnak*, ECF No. 1 ¶ 5; *Christie*, ECF No. 1 ¶¶ 35-36; *see Rusnak*, ECF No. 25-2.[1] Specifically, DOJ objected to GAO's position that claimants who had already been deemed eligible for the Fund were required to submit a duplicate, or successive, application during the Fairness Act's 180-day application window. *See Rusnak*, ECF No. 25-2, at 6-7.

In November 2024, GAO submitted its final report to Congress and the Special Master, maintaining the positions outlined in its draft report. *Rusnak*, ECF No. 25-3; *see generally* U.S. Gov't Accountability Off., GAO-25-107564, U.S. Victims of State Sponsored Terrorism Fund:

[1] When citing *Rusnak*, ECF No. 25-2, the court refers to the CM/ECF-generated page numbers at the top of each page rather than any internal pagination.

1983 Beirut Barracks and 1996 Khobar Towers Bombing Claimants Due $614 Million 1 (2024).[2] GAO concluded that the Fairness Act required victims of the Beirut barracks and Khobar Towers bombings—including those who had already been deemed eligible for the Fund—to submit applications to the Fund "within the [180-day] statutory application time frame" in order to receive lump sum catch-up payments. *Rusnak*, ECF No. 25-3, at 5, 12. GAO took the view that the Fairness Act did "not disqualify claimants who previously applied to the Fund and then subsequently submitted successive applications during the statutory application time frame in order to apply for lump sum catch-up payments." *Id.* at 10 & n.32. According to GAO, 2,081 claimants had submitted applications for lump sum catch-up payments during the "statutory application time frame." *Id.* at 10. As relevant here, GAO concluded that 274 of the 786 claimants who had previously been found eligible for the Fund but had not submitted successive applications were not eligible for catch-up payments. *Id.* at 18-19. GAO estimated that payments for these 274 claimants would have been about $116 million. *Id.* at 19. GAO concluded, however, that the remaining 512 claimants who had submitted a successive application during the 180-day application window were still eligible for catch-up payments, even though the Fund had administratively closed their applications. *See id.* at 17-19, 22-23.

Plaintiffs are victims of the 1996 Khobar Towers bombing and their immediate family members. *Rusnak*, ECF No. 1 ¶ 2; *Christie*, ECF No. 1 ¶ 5. They are among the 274 claimants whom GAO identified as being ineligible to receive lump sum catch-up payments for failure to submit an application by the statutory deadline, despite having previously been deemed eligible to participate in the Fund. *Rusnak*, ECF No. 1 ¶ 43; *Christie*, ECF No. 1 ¶¶ 39-40. The *Rusnak*

---

[2] *Available at* https://perma.cc/8NHB-87FY.

Plaintiffs and *Christie* Plaintiffs filed their actions in January and March 2025, respectively, alleging that Defendants unlawfully withheld lump sum catch-up payments from them based on GAO's erroneous interpretation of the Fairness Act. *Rusnak*, ECF No. 1 ¶¶ 60-84; *Christie*, ECF No. 1 ¶¶ 64-88.

In April 2025, the parties in both *Rusnak* and *Christie* entered joint stipulations providing that: (1) Defendants would ensure "amounts sufficient to meet the payment amounts which Plaintiffs seek through this lawsuit will be held in reserve for the duration of the litigation," and (2) Defendants would give at least twenty-one days' notice "before taking any action that would leave less than the amount which Plaintiffs seek in this lawsuit remaining available for payment to Plaintiffs, in order to give Plaintiffs sufficient time to move the Court for appropriate injunctive relief if necessary." *Rusnak*, ECF No. 15 ¶¶ 8-9; *Christie*, ECF No. 12 ¶¶ 5, 8-9. In May 2025, Defendants filed a motion to consolidate briefing in the two cases, *see Rusnak*, ECF No. 17; *Christie*, ECF No. 14, which only the *Rusnak* Plaintiffs opposed, *see Rusnak*, ECF No. 18; *Christie*, ECF No. 14, at 2. The court granted Defendants' motion and set a consolidated briefing schedule. *See Rusnak*, May 21, 2025 Minute Order; *Christie*, May 21, 2025 Minute Order. Defendants filed a consolidated motion to dismiss both complaints for lack of subject-matter jurisdiction and for failure to state a claim. *Rusnak*, ECF No. 22; *Christie*, ECF No. 16.

The court granted Defendants' motions to dismiss on March 24, 2026. *See Rusnak*, ECF Nos. 31, 32; *Christie*, ECF Nos. 26, 27. The court dismissed Plaintiffs' claims against the Acting Comptroller General for lack of jurisdiction,[3] dismissed Counts I, II, and III against the Special Master for lack of jurisdiction, dismissed Count IV against the Special Master for failure to state

[3] The court assumed that both Counts I and II were directed at the Acting Comptroller General. *See* Mem. Op. at 18 n.15.

a claim, and dismissed Count V as moot. Mem. Op. at 18-47 & n.24. The following month, both sets of Plaintiffs filed motions to alter or amend the court's judgment under Federal Rule of Civil Procedure 59(e) and sought leave to file amended complaints under Rule 15(a). *Rusnak*, ECF No. 33; *Christie*, ECF No. 28. Defendants filed an omnibus opposition to both motions, and the motions are fully briefed. *Rusnak*, ECF Nos. 33, 35, 36; *Christie*, ECF Nos. 28, 30, 31.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 59(e)

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend judgment within twenty-eight days of the entry of judgment. Such relief is only warranted in "extraordinary circumstances." *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 77 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015). A party may not use a Rule 59(e) motion to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). And a Rule 59(e) motion that "repeat[s] unsuccessful arguments," *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 34 (D.D.C. 2013), or is made based on "[m]ere disagreement" with the court's judgment, will not prevail, *Wannall v. Honeywell Int'l, Inc.*, No. 10-CV-351, 2013 WL 12321549, at *3 (D.D.C. Oct. 24, 2013) (alteration in original) (quoting *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)).

A district court "need not" grant a Rule 59(e) motion "unless [it] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)). In

assessing "clear error" in the Rule 59(e) context, "courts have required 'a very exacting standard,' . . . such that the 'final judgment must be "dead wrong" to constitute clear error.'" *Wannall*, 2013 WL 12321549, at *3 (first quoting *Bond v. U.S. Dep't of Just.*, 286 F.R.D. 16, 22 (D.D.C. 2012), *aff'd*, No. 12-5296, 2013 WL 1187396 (D.C. Cir. March 14, 2013); then quoting *Lardner v. Fed. Bureau of Investigation*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012)). Likewise, "manifest justice" is an "exceptionally narrow concept in the context of a Rule 59(e) motion," and it "entail[s] more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Id.*

**B. Federal Rule of Civil Procedure 15(a)**

Under Federal Rule of Civil Procedure 15(a), if a party may no longer amend its complaint as a matter of course, it may seek the opposing party's consent or the court's leave to do so. While the court retains discretion over whether to grant a motion for leave to amend, it "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive[,] repeated failure to cure deficiencies by [previous] amendments[,] [or] futility of amendment.'" *Firestone*, 76 F.3d at 1208 (third and fifth alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment is futile "if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). This is typically the case when the amendment "merely restates the same facts" or "fails to state a legal theory." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002). "[U]nder Rule 15, 'the non-movant generally carries the burden in persuading the court to deny leave to amend.'" *In Lux Rsch. v. Hull McGuire PC*, No. 23-CV-523, 2023 WL 8190821, at *2 (D.D.C. Nov. 27, 2023) (quoting *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004)).

## III. DISCUSSION

Plaintiffs argue that the court erred in dismissing their claims against the Acting Comptroller General with prejudice because those claims were dismissed for lack of subject-matter jurisdiction. *Rusnak*, ECF No. 33-1, at 6-8; *Christie*, ECF No. 28-1, at 6-7. To the extent the court intended to dismiss the claims without prejudice, Plaintiffs argue that the court "should clarify the Opinion and Judgment[] and take up Plaintiffs' motion[s] for leave to amend under Rule 15." *Rusnak*, ECF No. 33-1, at 7; *Christie*, ECF No. 28-1, at 7. The court concludes that Plaintiffs fail to satisfy Rule 59(e)'s standard for reconsideration and are not entitled to leave to amend their complaints.

The court dismissed Counts I and II against the Acting Comptroller General for lack of subject-matter jurisdiction, concluding that the APA's waiver of sovereign immunity did not cover GAO, which the Comptroller General heads, and that Plaintiffs had failed to allege *ultra vires* claims in their complaints. Mem. Op. at 18-26. While the court's orders dismissing the actions were silent as to the nature of dismissal, *see Rusnak*, ECF No. 32; *Christie*, ECF No. 27, the court stated in its opinion that the claims against the Acting Comptroller General were dismissed "for lack of jurisdiction," Mem. Op. at 18. "[A] dismissal for want of subject-matter jurisdiction can only be without prejudice." *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020); *see* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, [an involuntary dismissal]—*except one for lack of jurisdiction*, improper venue, or failure to join a party under

Rule 19—operates as an adjudication on the merits." (emphasis added)). The court thus appropriately dismissed Counts I and II without prejudice.[4]

While Plaintiffs rely on *Baltimore v. Pruitt*, 293 F. Supp. 3d 1 (D.D.C. 2017), *see Rusnak*, ECF No. 33-1, at 8; *Christie*, ECF No. 28-1, at 7, that case is inapposite as the court there granted a Rule 59(e) motion after concluding that it had erred in dismissing the complaint *with* prejudice when it should have been *without* prejudice, *see Pruitt*, 293 F. Supp. 3d at 4. Here, the court did not indicate that the dismissal of Counts I and II were with prejudice. Plaintiffs also argue that the court's opinion and judgment "bear *indicia* of a dismissal with prejudice" because the court dismissed the case without permitting Plaintiffs to amend their complaint to "cure the purported pleading deficiency that was the basis for the forfeiture holding relating to those counts." *Rusnak*, ECF No. 33-1, at 7; *Christie*, ECF No. 28-1, at 6-7. But "a dismissal for lack of subject-matter jurisdiction ordinarily ends the action," *Attias v. Carefirst, Inc.*, 865 F.3d 620, 624 (D.C. Cir. 2017), and Plaintiffs identify no error in the court's dismissal of the case without first inviting

[4] Defendants appear to suggest that the court rejected Plaintiffs' *ultra vires* claims on both jurisdictional and merits grounds, so "to the extent that the dismissal of Plaintiffs' *ultra vires* claim is with prejudice, the Court did not err." *Rusnak*, ECF No. 35, at 6-7; *Christie*, ECF No. 30, at 6-7. Plaintiffs counter that the court could not have reached the merits of their *ultra vires* claims after determining that it lacked jurisdiction to consider those same claims. *Rusnak*, ECF No. 36, at 3; *Christie*, ECF No. 31, at 3. Both parties misunderstand the court's holding. The court agreed with Defendants that Plaintiffs had raised *ultra vires* claims for the first time in their opposition briefs and had forfeited such claims by failing to plead them in their complaints. Mem. Op. at 23. The court further opined that any *ultra vires* claims would have failed on the merits because Plaintiffs had failed to identify anything more than a "routine error in statutory interpretation." *Id.* at 26 (quoting *Fed. Express Corp. v. U.S. Dep't of Com.*, 39 F.4th 756, 765 (D.C. Cir. 2022)). The court accordingly did not dismiss Plaintiffs' *ultra vires* claims—with or without prejudice—because no such claims were before it.

Plaintiffs to amend their complaints. Nor do Plaintiffs argue that any statutes of limitations or other barriers would prevent them from filing a new action raising an *ultra vires* claim.[5]

Plaintiffs seek to amend their complaints to add a count expressly invoking an *ultra vires* theory of jurisdiction to "ensure that appellate review of Plaintiffs' *ultra vires* argument is not unnecessarily hampered by a curable 'procedural technicalit[y].'" *Rusnak*, ECF No. 33-1, at 10 (quoting *United States v. Hicks*, 283 F.3d 380, 387 (2002)); *see Christie*, ECF No. 28-1, at 9. These circumstances do not justify the "disfavored" and "extraordinary" relief of altering or amending the judgment under Rule 59(e). *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Plaintiffs may not use a Rule 59 motion to seek leave to amend their complaint after the court has already entered a final judgment. *See Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 673 (D.C. Cir. 2004) ("[O]nce a final judgment has been entered, a court cannot permit an amendment [pursuant to Rule 15(a)] unless the plaintiff 'first satisf[ies] Rule 59(e)'s more stringent standard' for setting aside that judgment." (third alteration in original) (quoting *Firestone*, 76 F.3d at 1208)). The proper course for Plaintiffs to amend their complaints would

---

[5] In *Ciralsky v. Central Intelligence Agency*, 355 F.3d 661 (D.C. Cir. 2004), the D.C. Circuit held that the district court did not abuse its discretion in denying the plaintiff's Rule 59(e) and Rule 15(a) motions where the district court had previously dismissed the complaints without prejudice. *Id.* at 671-74. The Court nevertheless remanded the case to the district court to reconsider its Rule 59(e) denial in light of newly apparent circumstances showing that the plaintiff would be barred under the statute of limitations from refiling his complaint—in other words, where the district court's denial of the Rule 59(e) motion had put an end to the plaintiff's action such that the dismissal was "effectively with prejudice." *Id.* at 672 (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)). Here, Plaintiffs do not argue that a statute of limitations would prevent them from refiling an *ultra vires* claim, nor has the D.C. Circuit held that any statute of limitations governs such claims. *Cf. Outdoor Amusement Bus. Ass'n v. Dep't of Homeland Sec.*, 983 F.3d 671, 682 n.4 (4th Cir. 2020) ("Our sister circuits are divided on whether to recognize an equitable exception to the statute of limitations in 28 U.S.C. § 2401(a) when a plaintiff raises an ultra vires challenge to agency action."). Accordingly, this court's denial without prejudice did not have "the effect of permanently terminating" Plaintiffs' lawsuits. *Ciralsky*, 355 F.3d at 671-72.

have been to seek leave to amend after Defendants pointed out their failure to raise freestanding *ultra vires* claims in the reply brief in support of the motion to dismiss. Fed. R. Civ. P. 15(a)(2). Or, as noted, Plaintiffs may file new actions alleging *ultra vires* agency action given that these claims were never presented in these actions. *Cf. Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("'[D]ismissal . . . without prejudice' is a dismissal that does not 'operat[e] as an adjudication upon the merits,' . . . and thus does not have a res judicata effect." (first, second, and third alterations in original) (quoting Fed. R. Civ. P. 41(a)(1))). Because the court declines to reconsider its dismissal under Rule 59(e), Plaintiffs' request for leave to amend is denied as moot. *See Ciralsky*, 355 F.3d at 673; *Osborn v. Visa Inc.*, 797 F.3d 1057, 1062 (D.C. Cir. 2015) (explaining that a court lacks authority to grant a Rule 15(a) motion without first vacating its final judgment dismissing the case).[6]

[6] Even if Plaintiffs had preserved their requests for leave to amend in the context of these cases, the court's determination that their *ultra vires* claims would have failed on the merits would render their requests to amend futile. *See* Mem. Op. at 24-26; *see also James Madison Ltd.*, 82 F.3d at 1099 (holding that amendment is futile "if the proposed claim would not survive a motion to dismiss").

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Motions to Alter or Amend the Judgment Under Rule 59 and to File an Amended Complaint Under Rule 15, *Rusnak*, ECF No. 33; *Christie*, ECF No. 28, are **DENIED**.

**SO ORDERED.**



LOREN L. ALIKHAN
United States District Judge

Date: August 14, 2026